13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Darlene L. SNIDER, Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Donna Shalala,
Secretary, Defendant-Appellee.
 No. 93-5098.
 United States Court of Appeals, Tenth Circuit.
 Dec. 10, 1993.
 
 1
 Before MOORE and BRORBY, Circuit Judges, and VRATIL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant Darlene L. Snider appeals from an order of the district court affirming the decision of the Secretary of Health and Human Services denying claimant's request for Supplemental Security Income disability benefits. Following a hearing on April 17, 1990, an administrative law judge (ALJ) found claimant not disabled. This decision was affirmed by the Appeals Council, thus rendering the ALJ's decision final for purposes of review. See Williams v. Bowen, 844 F.2d 748, 749 (10th Cir.1988).
 
 
 4
 On appeal, claimant contends that (1) the findings of the ALJ were not based on substantial evidence, and (2) the ALJ's decision was based on an erroneous hypothetical question posed to the vocational expert. This court's review is limited to determining whether the Secretary's findings are supported by substantial evidence and whether correct legal standards were applied. Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir.1988). "Substantial evidence is such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the Secretary." Pacheco v. Sullivan, 931 F.2d 695, 697 (10th Cir.1991).
 
 
 5
 In order to establish qualification for disability benefits, claimant must show a physical or mental impairment which can be expected to result in death or last for a continuous period of twelve months and which prevents claimant from engaging in substantial gainful activity. 42 U.S.C. 423(d)(1)(A). The Secretary has established a five-step sequential evaluation process for making this determination. 20 C.F.R. 404.1520, 416.920; see also Williams, 844 F.2d at 750-52 (providing an in-depth discussion of the five steps).[2] At step five of the process, once the Secretary has determined that a claimant cannot return to past relevant work, the Secretary must prove that the claimant can perform alternate jobs, available in the national economy. 20 C.F.R. 404.1566; Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 776 (10th Cir.1990). In this case, the ALJ concluded at step five that claimant retained the ability to perform a full range of sedentary work, limited by her need to stand and sit frequently, her inability to engage in excessive walking, standing, bending, stooping, or squatting, and her need to be in an unpolluted environment, free of excessive heat or humidity.
 
 
 6
 Claimant, a fifty-three year old female, has a high school education and one year of college. She has worked in the past as an office manager, a school cook, a receptionist, a welfare provider, and the owner/operator of a day care center. Claimant alleges disability as of June 20, 1988, due to asthma, diabetes, and degenerative joint disease.
 
 
 7
 Initially, claimant argues that the ALJ failed to evaluate properly her complaints of pain. The ALJ considered claimant's subjective complaints of pain pursuant to the criteria set forth in Luna v. Bowen, 834 F.2d 161 (10th Cir.1987), and Social Security Ruling 88-13. Although claimant complained of persistent pain in almost every area of her body, the ALJ noted that these complaints were not supported by clinical findings or laboratory tests. See Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir.1990)(holding that a claimant's subjective complaints of pain alone are insufficient to prove disability). Although claimant alleges that the majority of her pain emanates from an arthritic condition, there is no evidence in the record that the etiology of claimant's alleged pain is arthritis.
 
 
 8
 Dr. E. Joseph Sutton, II, examined claimant on February 24, 1989, at the request of the Secretary. He observed that claimant exhibited no evidence of swelling, redness, or joint deformity. Appellant's R., Vol. II at 158. She exhibited no difficulty with gross and fine motor manipulation, walked without assistance, and with a gait of normal speed, stability, and safety. Id. He further concluded that claimant's complaints appeared to be subjective in nature. Id.
 
 
 9
 Claimant's medical records indicate that her asthma is controlled by medication, and that when she cooperates with her diet restrictions and exercise needs, her diabetes is also controlled. Dr. Sutton opined that although claimant has a history of asthma, she exhibited no lung deficiency at the time of examination. Id.
 
 
 10
 The ALJ examined claimant's recitations of her daily activities in some detail, including a diary which, despite the statements of pain, reflected "an essentially normal lifestyle." Id. at 14; see also id. at 250-59. Recognizing that claimant may experience some pain and discomfort, based upon the medical evidence and claimant's testimony, the ALJ correctly concluded that claimant's assertions regarding pain were not wholly credible. See Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988)(credibility determinations by the ALJ are generally binding on review).
 
 
 11
 Next, claimant argues that the ALJ failed to consider claimant's impairments in combination. Although claimant cites us to the law stating that the Secretary must consider a claimant's impairments in combination, she does not point us to any failure by the ALJ to do so, and our review of the record does not reveal any omission of this nature. Therefore, this argument is without merit.
 
 
 12
 Claimant further contends that the ALJ erred in relying on the opinions of the consulting physician and the expert physician in lieu of claimant's "treating physician," Dr. Susan Miller. The record on appeal contains one short letter from Dr. Miller stating her opinion that claimant is unable to perform work involving sitting, standing, walking, or bending. Appellant's R., Vol. II at 154. Dr. Miller further opined that claimant's asthma prevented her from engaging in "strenuous activity" and she should avoid environments with "chemicals, strong odors or particulate matter." Id. Dr. Miller did not conclude that claimant is totally disabled. We recognize this court's position that the Secretary must give substantial weight to the opinion of a claimant's treating physician. Frey v. Bowen, 816 F.2d 508, 513 (10th Cir.1987). Without deciding whether Dr. Miller should be accorded "treating physician" status, we conclude that even if she were considered to be a treating physician, the decision to discount or disregard her opinion was within the discretion of the ALJ.
 
 
 13
 Although the opinion of a treating physician may be disregarded if it is conclusory and unsupported by medical evidence, the ALJ must provide legitimate reasons for doing so. Id. The record indicates that the ALJ did give weight to Dr. Miller's opinion regarding claimant's limitations, Appellant's R., Vol. II at 15, and included certain of these limitations in his hypothetical question to the vocational expert, id. at 80-81. To the extent that he disregarded the opinion, the ALJ offered the legitimate reason that Dr. Miller's opinion was not supported by any medical evidence. Id. at 11. Because we do not reweigh the evidence on appeal or substitute our judgment for that of the Secretary, see Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir.1993), we will not disturb the ALJ's decision regarding the opinion of Dr. Miller.
 
 
 14
 Next, claimant challenges the propriety of the hypothetical question posed by the ALJ to the vocational expert. Specifically, claimant contends that the hypothetical failed to include all of claimant's "numerous documented nonexertional impairments." Appellant's Br. at 17. "Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir.1991)(citing Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir.1990)). However, in positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. See Talley, 908 F.2d at 588. A disability determination "is not in anywise undermined by the fact that the ALJ may have asked some hypothetical questions of the vocational expert which did not fully itemize all of the disabilities claimed by [claimant]." Brown v. Bowen, 801 F.2d 361, 363 (10th Cir.1986); see also Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir.1993)(rejecting challenge to hypothetical where vocational expert's testimony responded to impairments actually supported by the evidence). The record contains substantial evidence to support the ALJ's assumption that claimant could perform sedentary work. Therefore, the ALJ's hypothetical summarizing claimant's residual functional capacity was correct.[3]
 
 
 15
 Finally, claimant argues that the testimony of the vocational expert is "overruled by Social Security Ruling 83-12," Appellant's Br. at 23, and therefore, the ALJ erred in concluding that claimant could perform sedentary work in light of her environmental and postural restrictions. Our review of the record indicates that claimant, who was represented by counsel throughout the proceedings below, failed to raise this issue to the district court. See generally 10th Cir. R. 28.2(c) (requiring appellant to include in her brief "a statement as to where in the record the issue was raised and ruled upon"). Therefore, we will not consider it for the first time on appeal. See Channel v. Heckler, 747 F.2d 577, 579 n. 2 (10th Cir.1984); accord Clarke v. Bowen, 843 F.2d 271, 273 (8th Cir.1988).
 
 
 16
 Substantial evidence supports the Secretary's decision that claimant was not disabled within the meaning of the Social Security Act. Therefore, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 We note that in her brief, claimant rephrases the five-step process and adds a sixth step. Appellant's Br. at 8-9. However, it appears that this is counsel's own coloring of the process and does not reflect any change or addition authorized or supported by the agency or the courts. Consequently, we disregard claimant's statement of the steps
 
 
 [3]
 In response to claimant's insistence that this court overturn its decision in Diaz v. Secretary of Health & Human Services, 898 F.2d 774 (10th Cir.1990), we do not address the argument, but instead refer counsel to our recent disposition of his appeal on behalf of another claimant, Stowe v. Shalala, No. 93-7034, in which we cautioned counsel regarding his disregard of previous rulings of this court on this issue