Wanda TALLEY, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.

No. 89–7023.

United States Court of Appeals, Tenth Circuit.

July 11, 1990.

Paul F. McTighe, Jr., Tulsa, Okl., for plaintiff-appellant.

Roger Hilfiger, U.S. Atty., Donald A. Gonya, Chief Counsel for Social Sec., Randolph W. Gaines, Deputy Chief Counsel for Social Sec., A. George Lowe, Chief, Disability Litigation Branch, Donald H. Romano, Office of the General Counsel, Social Sec. Div., Dept. of Health and Human Services, Baltimore, Md., for defendant-appellee.

Before ANDERSON, BARRETT and BALDOCK, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff, Wanda Talley, appeals from an order of the district court affirming the final decision of the Secretary denying her application for disability benefits under 42 U.S.C. §§ 416(i) and 423 and for Supplemental Security Income benefits under 42 U.S.C. § 1381a.

Plaintiff applied for benefits in 1983. Her claim was denied. She did not request a hearing and the decision became final January 13, 1984. Plaintiff then refiled. This application was also denied. Plaintiff requested a hearing before an administrative law judge (ALJ) who denied benefits. The ALJ held that while plaintiff could not return to her prior work, she could perform light work. The Appeals Council vacated the ALJ's decision and remanded for the purpose of receiving expert vocational testimony regarding the transferability of plaintiff's work skills. After a hearing, benefits were again denied and the Appeals Council denied review.

On appeal plaintiff argues that the ALJ's decision was not supported by substantial evidence and, therefore, he erred in basing his decision on the grids [1], in not following the vocational expert's testimony, and in finding plaintiff's complaints of pain not credible.

"Our review of social security administration cases is usually quite limited. 'The Secretary's decision must be sustained if supported by substantial evidence. The reviewing court does not weigh the evidence and may not substitute its discretion for that of the agency.'" *Sorenson v. Bowen,* 888 F.2d 706, 710–11 (10th Cir.1989) (quoting *Cagle v. Califano,* 638 F.2d 219, 220 (10th Cir.1981) (citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)).

The evidence showed that plaintiff had a discectomy and laminectomy of the lumbar spine in 1970. She returned to work and later became a licensed practical nurse. In April 1983, plaintiff fell and broke her left knee. She claims disability dating from this injury. In the months immediately following her fall, plaintiff was able to walk without difficulty although she complained of pain. In November 1983, plaintiff underwent an arthroscopic examination and was rehospitalized in December for debridement of a hematoma and lysis of adhesions in her knee. At that time, her treating physician estimated plaintiff would have a recovery period of three to four months. In April 1984, plaintiff's physician determined she had a permanent partial impairment of six percent of her knee.

Plaintiff was also seen by Dr. Rao Sureddi for treatment of hypertension and diabetes. In August 1986, Dr. Sureddi opined that plaintiff was totally disabled due to hypertensive cardiovascular disease, uncontrolled diabetes mellitus, severe osteoarthritis, recurrent urinary tract infections,

---

1. Medical–Vocational Guidelines, 20 C.F.R. § 404 Subpt. P, App 2.

angina pectoris, migraine headaches, chronic depression and anxiety reaction, and asthenia and vertigo secondary to poor circulation, obesity, and hypothryroidism.

In 1986, plaintiff was seen at a mental health facility for depression. She was diagnosed as having an adjustment disorder with withdrawal due to unresolved grief over her husband's death which had occurred in early 1983. She was noted as having some difficulty with anxiety attacks at that time.

At the hearing, plaintiff alleged that she was totally disabled due to a combination of her physical and mental impairments and disabling pain. She testified that she was in constant pain, apparently caused by arthritis, especially in her left knee. Plaintiff also alleged that her ability to leave her house was hampered by panic attacks.

Only one of plaintiff's treating physicians, Dr. Sureddi, opined that plaintiff was totally disabled based on her medical and mental impairments. However, his brief, conclusory opinion is not supported by medical evidence. Further, plaintiff does not argue that she is totally disabled because of any one or any combination of these impairments alone. Plaintiff argues that her nonexertional impairment, pain, combined with her other impairments, renders her totally disabled.

■ " 'To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment.' " *Brown v. Bowen*, 801 F.2d 361, 362–63 (10th Cir.1986) (quoting *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir.1983)). To determine whether a claimant's pain is disabling, "the Secretary is entitled to examine the medical record and evaluate a claimant's credibility. Moreover, a claimant's subjective complaint of pain is by itself insufficient to establish disability." *Brown*, 801 F.2d at 363, citing to *Dumas*. However, a claimant's subjective complaints of pain must be considered in evaluating a claim based on pain. *See Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir.1987) (setting forth the framework to be used in evaluating such a claim).

The medical records must be consistent with the nonmedical testimony as to the severity of the pain. "To establish disabling pain without the explicit confirmation of treating physicians may be difficult. Nonetheless, the claimant is entitled to have his nonmedical objective and subjective testimony of pain evaluated by the ALJ and weighed alongside the medical evidence." *Huston v. Bowen*, 838 F.2d 1125, 1131 (10th Cir.1988).

■ The record shows that none of plaintiff's treating physicians reported that plaintiff's pain was disabling. The consulting physicians did not verify her claim. One, Dr. Reid Parkison, noted that although plaintiff stated she was unable to walk more than ten feet without a cane, she did not bring it to his office even though she had to walk at least 100 feet from the parking lot to his office. She appeared to walk without difficulty.

The ALJ considered plaintiff's complaints, medical records, recitation of her daily activities, and her appearance and actions at the hearing. He found that plaintiff's pain was not "of such intensity, frequency, and duration as to be disabling within the meaning of such term as used in the Act." ROA Vol. II at 33. He held that plaintiff's complaints of pain were not credible, but rather, "contain[ed] some hyperbole, judged as an attempt to bolster her symptoms to a level that she can obtain benefits." *Id.* at 34.

"Because '[e]xaggerating symptoms or falsifying information for purposes of obtaining government benefits is not a matter taken lightly by this Court,' we generally treat credibility determinations made by an ALJ as binding upon review." *Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir.1988) (quoting *Broadbent v. Harris*, 698 F.2d 407, 413 (10th Cir.1983). Here, plaintiff complained of disabling pain. However, none of her treating physicians considered her pain disabling. Further, objective observation of plaintiff did not support her subjective complaint. The record contains substantial evidence to support the ALJ's finding that plaintiff's complaints of pain contained some hyperbole.

■ The ALJ properly based his determination of disability on the grids after finding that plaintiff's complaints of pain were not credible. *See Frey v. Bowen,* 816 F.2d 508, 513 (10th Cir.1987). After finding that plaintiff was not disabled, although she could not return to her prior work activity, the Secretary had the burden of showing that plaintiff could find other work in the economy. *Diaz v. Secretary of Health and Human Services,* 898 F.2d 774, 776 (10th Cir.1990).

■ Vocational testimony was received on this issue. Plaintiff argues that the ALJ did not follow the vocational expert's opinion that she could not do the jobs for which she had transferable skills. However, the hypothetical posed to the vocational expert did not set forth only impairments which had been accepted as true by the ALJ. Therefore, his opinion was not binding on the ALJ. *See, Ekeland v. Bowen,* 899 F.2d 719, 721–22 (8th Cir.1990); *cf. Wingert v. Bowen,* 894 F.2d 296, 298 (8th Cir.1990).

We cannot say the Secretary's decision is not supported by substantial evidence.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.