986 F.2d 1426
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jessie L. ALEXANDER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Defendant-Appellee.
 No. 92-7087.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1993.
 
 Before TACHA and BALDOCK, Circuit Judges, and BROWN,* Senior District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant Jessie L. Alexander appeals from a district court order affirming the Secretary's denial of disability insurance benefits. Because we find the Secretary's decision to be supported by substantial evidence, and because the questions presented to the vocational expert were proper, we affirm.
 
 
 2
 Alexander, a fifty-four year old woman, complains that she is disabled because of a heart condition and a prior back injury. She first filed applications for disability insurance benefits and supplemental security income benefits on July 11, 1988. After an initial hearing and two supplemental hearings, an administrative law judge (ALJ) denied Alexander's applications, finding that she had the residual functional capacity to perform the full range of sedentary work. The Appeals Council denied Alexander's request for review.
 
 
 3
 Alexander sought judicial review in the district court for the Eastern District of Oklahoma. The district court affirmed the Secretary's decision, finding substantial evidence to support the conclusion that claimant was not disabled. On appeal, Alexander argues that the decision is not supported by the evidence and that the questions asked of the vocational expert were improper.
 
 
 4
 Our review of the record is limited to determining whether it contains substantial evidence to support the Secretary's decision. Williams v. Bowen, 844 F.2d 748, 750 (10th Cir.1988). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). In applying the standard, we may not reweigh the evidence or substitute our judgment for that of the agency. Id.
 
 
 5
 Here, the ALJ's determination that Alexander is not disabled is well supported by the evidence. Her medical records demonstrate a complete medical recovery from a myocardial infarction and coronary angioplasty. Alexander's results on her Thallium stress test were "entirely normal," II R. 390, and her electrocardiogram was normal. Although Alexander has complained of chest pains intermittently since her heart attack, both her cardiologist and her treating physician have suggested that her chest pain is not cardiac in origin. II R. 373, 377.
 
 
 6
 The record also contains little, if any, objective medical evidence to support Alexander's claim of disabling back pain. Diagnosed with a lumbar strain in 1978, she continued to perform "light work" through 1986. When she was examined in March 1987, the consulting physician found no lumbar spine abnormality, no neurological deficit, and no restrictions as to her function or activity. II R. 214-15. Lumbar spine x-rays taken in September 1987 show no abnormalities other than a developmental lumbarization. II R. 240. In January 1989, Alexander's treating physician, Dr. Fava, found no muscle weakness, atrophy, spasm, or deformity in the lumbar region, finding only mild tenderness. II R. 376.
 
 
 7
 Dr. Fava opined that Alexander was not at all impaired in sitting, handling objects, hearing, speaking, or traveling. He found her to be minimally impaired in standing and moving about, and "moderately impaired" in lifting and carrying objects over five pounds in weight. II R. 376. Alexander argues that this opinion precludes the ALJ's finding that she is capable of performing the full range of sedentary work. 20 C.F.R. § 404.1567(a) defines "sedentary work" as follows:
 
 
 8
 Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.
 
 
 9
 Dr. Fava's opinion, however, is perfectly consistent with the exertional requirements of the sedentary work classification. He did not state that Alexander is "totally" impaired or "extremely" impaired from lifting and carrying objects over five pounds in weight, but simply that she was "moderately" restricted from doing so. As the testimony of the vocational expert made clear, sedentary work "involves little or no lifting." II R. 78. In fact, the vocational expert was directly asked whether, if the ALJ found that Alexander was moderately impaired in lifting and carrying over five pounds, she would still be qualified for the jobs identified. The vocational expert reiterated that because such jobs involved little or no lifting, she would be capable of performing them. II R. 80-81.
 
 
 10
 Alexander also argues that she cannot perform sedentary work because one hand is paralyzed and the other has no grip strength, and because her legs go numb after sitting for thirty minutes. The ALJ found that Alexander's claims of hand paralysis and leg numbness were incredible. These credibility determinations are entitled to great deference. Williams, 844 F.2d at 755. Alexander's treating physician noted that she was capable of gross and fine manipulation without difficulty and that her grip strength was normal. II R. 376. He found no muscle weakness or sensory loss and concluded that Alexander was not impaired in sitting. Id. We see no reason to disturb the ALJ's credibility assessment.
 
 
 11
 Alexander argues that the decision is not supported by substantial evidence because the ALJ's hypothetical questions to the vocational expert did not include a complete description of her impairments. " '[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.' " Hargis, 945 F.2d at 1492 (quoting Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir.1990)). In forming a hypothetical, however, the ALJ need only relate impairments if the record contains substantial evidence to support their inclusion. Ehrhart v. Secretary of Health & Human Servs., 969 F.2d 534, 540 (7th Cir.1992); see also Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir.1990). Here, the ALJ rejected Alexander's claims of hand paralysis, lack of grip strength, leg numbness, and disabling back pain. The ALJ's credibility determinations were well supported. Therefore, it was proper to limit the hypothetical questions to a listing of those impairments which the ALJ found supported in the record. Id.
 
 
 12
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3