13 F.3d 405
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jackie L. GOODELL, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-5105.
 United States Court of Appeals, Tenth Circuit.
 Dec. 2, 1993.
 
 1
 Before MOORE and BRORBY, Circuit Judges, and VRATIL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant Jackie L. Goodell appeals the decision of the district court affirming the Secretary's denial of social security disability and supplemental security income benefits. In applying for benefits, claimant asserted that he had been disabled since January 1987 due to seizures which remain uncontrolled by medication. After considering the applicable five-step sequential analysis, see 20 C.F.R. 404.1520 and 416.920; see also Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir.1988), the administrative law judge (ALJ) determined that claimant was not disabled because, although he could not perform his past relevant work as a truck driver, he retained the residual functional capacity to perform other work available in the national economy. The ALJ's determination became the Secretary's final decision after the Appeals Council denied review.
 
 
 4
 "This court reviews the Secretary's decision to determine only whether [the] findings are supported by substantial evidence and whether the Secretary applied correct legal standards when making [the] decision." Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). Substantial evidence is such evidence "as a reasonable mind might accept as adequate to support a conclusion." Id. "We cannot reweigh the evidence or substitute our judgment for that of the Secretary." Id.
 
 
 5
 On appeal, claimant argues 1) the ALJ erred in disregarding the testimony of the medical and vocational experts and 2) the record did not contain substantial evidence supporting the ALJ's decision. The ALJ did disregard expert testimony indicating that, based upon claimant's subjective complaints concerning the frequency and severity of his seizures and the side effects of his medication, claimant should be considered disabled. The ALJ, however, determined that claimant's subjective complaints lacked credibility. This court affords considerable deference to the ALJ's credibility determination. Gay v. Sullivan, 986 F.2d 1336, 1339 (10th Cir.1993). After reviewing the record and the ALJ's detailed discussion of claimant's lack of credibility, we find no cause to disturb the ALJ's determination. The ALJ, therefore, did not err in disregarding the experts' testimony to the extent it was based upon subjective complaints which the ALJ deemed not credible. See Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir.1990)(ALJ not bound by vocational expert's testimony elicited by hypothetical question that included complaints of impairments that ALJ did not find credible).
 
 
 6
 Upon careful review of the record and consideration of the parties' arguments on appeal, we conclude that the record contains substantial evidence supporting the denial of benefits. We, therefore, AFFIRM the decision of the United States District Court for the Northern District of Oklahoma upholding the Secretary's denial of benefits.
 
 
 
 **
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3