17 F.3d 1436
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Carol Jane AKIN, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary, United States Department of Health
& Human Services, Defendant-Appellee.
 No. 93-5151.
 United States Court of Appeals, Tenth Circuit.
 Feb. 28, 1994.
 
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 I. Background
 
 2
 In 1981, Carol Jane Akin was awarded Social Security disability benefits because of renal failure. In August 1990, the Secretary of Health and Human Services notified Ms. Akin that her benefits were being terminated.[2] Ms. Akin filed a request for reconsideration, which was denied, and she then requested a de novo hearing before an administrative law judge ("ALJ"). After the administrative hearing, the ALJ issued a decision finding that Ms. Akin's disability had ceased as of August 30, 1990 because her medical condition had improved and because she was able to engage in substantial gainful activity. The Appeals Council denied review, making the ALJ's decision the final administrative decision of the Secretary.
 
 
 3
 In March 1992, Ms. Akin filed suit in federal district court to contest the termination of her disability benefits. The district court issued an order affirming the Secretary's decision. Ms. Akin now appeals to this court. We exercise jurisdiction under 28 U.S.C. 1291 and affirm for substantially the same reasons given by the district court.
 
 II. Discussion
 
 4
 "This court reviews the Secretary's decision to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.1992) (citations omitted). "[W]e must meticulously examine the record. However, we may neither reweigh the evidence nor substitute our discretion for that of the Secretary." Id.
 
 
 5
 Ms. Akin first contends that the Secretary's decision--finding that her disability ceased as of August 30, 1990--is not supported by substantial evidence because her medical condition has not improved and she is unable to engage in substantial gainful activity. Our review of the record, however, belies this contention. The record shows that Ms. Akin received a kidney transplant in 1982 and that two physicians, including her treating physician, reported that she no longer suffers from renal failure and that she no longer requires dialysis treatment. The physicians also reported that Ms. Akin has done well since her transplant, that her gait is roughly normal in context of speed, stability and safety, that her ability to sit, stand, move about, lift, carry, handle objects, and travel are not impaired, and that her steroid-induced cataracts do not prevent her from reading normal or newspaper print.[3] Further, Ms. Akin attended law school full time during the 1987-1988 school year, she recently took an eight-day trip to Austria, she has volunteered for school and she engages in normal daily activities. A vocational expert also testified that, although Ms. Akin could not return to her past relevant work as an art teacher, she could work as a commercial artist, teacher's aide, library clerk or reservation clerk.
 
 
 6
 Ms. Akin next argues that the hypothetical questions posed by the ALJ to the vocational expert were improper because they failed to take into account all her impairments. The hypothetical questions need not take into account all Ms. Akin's alleged impairments. The questions were proper because they took into account the impairments substantiated by the medical reports and the impairments accepted as true by the ALJ. See Gay v. Sullivan, 986 F.2d 1336, 1340-41 (10th Cir.1993); Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir.1990).
 
 
 7
 Finally, the ALJ did not, as Ms. Akin alleges, equate her ability to attend law school with the ability to engage in substantial gainful activity. In determining whether a person is entitled to disabling benefits, school attendance may be considered by the Secretary, along with medical testimony and other evidence. Gay, 986 F.2d at 1339; Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988). In concluding that Ms. Akin is no longer disabled, the ALJ properly considered her school attendance in conjunction with the medical reports of record, her ability to engage in volunteer work and her ability to perform normal daily activities.
 
 
 8
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 42 U.S.C. 423(f) states:
 A recipient of benefits ... may be determined not to be entitled to such benefits on the basis of a finding that the physical or mental impairment on the basis of which such benefits are provided has ceased, does not exist, or is not disabling only if such finding is supported by (1) substantial evidence which demonstrates that (A) there has been any medical improvement in the individual's impairment or combination of impairments ..., and (B) the individual is now able to engage in substantial gainful activity...."
 
 
 [3]
 The ALJ found Ms. Akin's subjective complaints of disabling pain not to be credible, and we see no reason to disturb that finding. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1499 (10th Cir.1992) ("Credibility is the province of the ALJ.")