30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Herbert V. WOODWARD, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-7012.
 United States Court of Appeals, Tenth Circuit.
 Aug. 4, 1994.
 
 1
 Before MOORE and KELLY, Circuit Judges, and BABCOCK,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-appellant Herbert V. Woodward (claimant) appeals the district court's decision affirming the Secretary's denial of social security disability benefits. Claimant asserted that he was disabled as a result of pain in his feet, legs, and back. Following two hearings, the administrative law judge (ALJ) determined, at step five of the applicable five-step sequential analysis, see 20 C.F.R. 404.1520; see also Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir.1988), that claimant was not disabled because he retained the residual functional capacity to engage in a limited range of light and sedentary work and because appropriate jobs for claimant existed in significant numbers in both the national and regional economies. The Appeals Council denied review, making the ALJ's determination the final decision of the Secretary. "This court reviews the Secretary's decision to determine only whether [her] findings are supported by substantial evidence and whether the Secretary applied correct legal standards when making [her] decision." Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991).
 
 
 4
 On appeal, claimant argues that substantial evidence does not support the Secretary's determination of nondisability in that his leg and back pain and restricted range of motion prevent him from doing light or even sedentary work. He further argues that he meets or equals the social security Listing of Impairment found at 20 C.F.R. Part 404, Subpart P, App. 1 105C. We address each of these arguments in order.
 
 
 5
 Substantial evidence is such evidence " 'as a reasonable mind might accept as adequate to support a conclusion.' " Frey v. Bowen, 816 F.2d 508, 512 (10th Cir.1987)(quoting Turner v. Heckler, 754 F.2d 326, 328 (10th Cir.1985)). Evidence is insubstantial if it is overwhelmingly contradicted by other evidence. Id. (citing Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir.1985)). In this case, there is substantial evidence in the record to support the Secretary's determination of nondisability.
 
 
 6
 As an initial matter, the ALJ found claimant's testimony to be lacking credibility. Appellant's App. Vol. II at 12. Specifically, the ALJ found that claimant "exaggerates the extent of [his] pain and the extent of his limitations." Id. This finding is accorded significant deference on appeal, see Campbell v. Bowen, 822 F.2d 1518, 1522 (10th Cir.1987), and will not be disturbed on the basis of this record.
 
 
 7
 Claimant argues that a notation by Dr. M. Young Stokes that claimant could only stand for twenty minutes at a time and could only sit for three to four hours is substantial evidence of his disability. This conclusion, however, is contradicted by Dr. Stokes' conclusions in the same report and in an earlier report that claimant was not impaired as to sitting. It is the province of the Secretary to resolve conflicting evidence, and we see no reason on this record to overturn the Secretary's conclusion that claimant can do a limited range of light and sedentary work unimpaired by limitations on his ability to sit. While we acknowledge the presence of evidence in the record which may tend to establish claimant's disability, the determinative conclusion is that there is also substantial evidence to support the ALJ's finding of no disability. It is not our role on appeal from this agency determination to reweigh the evidence or to substitute our judgment for that of the Secretary. Hargis, 945 F.2d at 1486.
 
 
 8
 Claimant alternatively argues that, when presented with hypotheticals which included all of claimant's alleged impairments, the vocational expert ultimately ruled out the possibility of any gainful employment. The ALJ, however, is not bound by a vocational expert's responses based upon hypothetical questions setting forth restrictions not accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir.1990). Here, the ALJ concluded that claimant could sit for at least six hours per day, Appellant's App. Vol. II at 26, thus rendering unreliable the vocational expert's testimony based on an extremely limited ability to sit.
 
 
 9
 Claimant's argument that he should be found disabled because he meets or exceeds the listing at 20 C.F.R. Part 404, Subpart P, App. 1 1.05C is unconfirmed by the record. To meet or exceed this particular listing, claimant must demonstrate, among other things, muscle spasm and sensory and reflex loss which accompany a vertebrogenic disorder. Claimant's most recent physical exam, however, noted that "[d]eep tendon reflexes are active and equal throughout," although bilateral ankle jerks were absent. There were no pathologic reflexes noted and no findings of back muscle spasm. Appellant's App. Vol. II at 225. This is in contrast to an earlier exam which revealed muscle spasms but found reflexes to be normal with no sensory or motor deficit. Id. at 210-11. It is claimant's burden at this stage of the inquiry to prove disability. Frey, 816 F.2d at 512. The inconsistent and generally inconclusive medical evidence in this record does not suffice to meet that burden. Thus, the ALJ's conclusion that claimant's impairment does not meet or equal a listed impairment is supported by substantial evidence.
 
 
 10
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470