37 F.3d 1509
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Laura L. FRIZZELL, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of Health & Human Services,
Defendant-Appellee.
 No. 93-3392.
 United States Court of Appeals, Tenth Circuit.
 Oct. 13, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA, BRORBY, Circuit Judges, and KANE,** Senior District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Laura Frizzell appeals from a judgment affirming the Secretary of Health and Human Services' denial of her application for disability insurance benefits. We affirm.
 
 
 4
 Plaintiff applied for benefits on September 7, 1990, alleging she became disabled on March 9, 1989. Her application was denied initially and on reconsideration.
 
 
 5
 Plaintiff testified that she was thirty-three years old and had a high school education with two years of vocational training in computer maintenance. She last worked in 1985 at a fast food restaurant where she had to lift up to fifty pounds. She cannot work because of back pain, which she had in 1985 but which got worse after an automobile accident in March 1989,[2] and because of nervousness and depression. She cannot sit for more than thirty minutes, cannot be on her feet for more than fifteen minutes, and cannot lift more than ten pounds. She has no hobbies. Her daily activities include some housework, cooking, and helping her husband take care of her two children. She has problems driving a car because she becomes confused.
 
 
 6
 Plaintiff's medical records show that she has been treated for back pain and depression since 1988. She was seen by Dr. Williamson on March 10, 1989, after her accident. She was diagnosed with musculoskeletal pain and lumbar and cervical strain with mild to moderate spasm in a setting of chronic back pain and fibrositis. An x-ray taken that day showed a normal cervical and lumbar spine. She was prescribed medication.
 
 
 7
 Ten days later, she reported her neck felt better but still knotted up periodically. She was diagnosed with cervical strain, headaches, and depression/fibromyalgia, and prescribed medication.
 
 
 8
 Dr. Mitchell saw plaintiff on March 23, 1989. He found her neck supple with no restriction of motion, some mild tenderness over the right trapezius, and symmetrically equal, normal reflexes. A CT brain scan and MRI of the cervical spine were normal. An EMG showed some old changes of mild denervation with reinnervation of the right trapezius grip. She was diagnosed with musculoskeletal discomfort in the cervical region and as an etiology of her headaches. Dr. Mitchell recommended physical therapy and medication.
 
 
 9
 During an April 18, 1989, visit with Dr. Williamson, plaintiff reported her headaches were better on medication. He thought her cervical strain was much improved, and her headaches and depression were improved.
 
 
 10
 Dr. Richard Harper stated in a July 18, 1989, letter[3] that as a result of the accident, plaintiff has sustained musculo-ligamentous injury of the neck, causing permanent limitation of motion of the neck, weakness of the right shoulder girdle and arm muscles, decreased sensation in the right arm, and decreased grip strength on the right. Dr. Harper thought plaintiff might require surgery in the future if she could not tolerate her chronic pain.
 
 
 11
 Plaintiff was seen on August 1, 1989, by Dr. Boling for muscle spasms in her neck, headaches, and pain in her toe. She was doing well on medication. She reported during an August 22, 1989, visit with Dr. Boling that her headaches were controlled by medication.
 
 
 12
 Plaintiff's insured status expired on March 31, 1990. On July 5, 1990, she reported to Dr. Boling that she had received what she felt was an unsatisfactory settlement for her automobile accident. Dr. Boling diagnosed neck pain and depression. On September 5, 1990, she was diagnosed with depression-hypochondriasis, possible neuropathy, and hot flashes. On November 26, 1990, Dr. Boling diagnosed chronic neck and back pain and depression, and recommended counseling and medication.
 
 
 13
 A chiropractor, Dr. Keefe, treated plaintiff in 1990 for back and foot pain, headaches, and fatigue. Dr. Boling disagreed with Dr. Keefe that plaintiff had bone misalignment. Dr. Boling thought plaintiff's problems were muscle spasm and depression.
 
 
 14
 A vocational expert (VE) testified that a hypothetical person similar to plaintiff who could perform sedentary to light work, is affected by chronic pain that is noticed at all times, and must change position from time to time, could not return to plaintiff's past job at the fast food restaurant, but could perform the sedentary jobs of order clerk, cashier, and entry level assembly, and the light jobs of assembly and computer repair, if she had acquired the necessary skills. However, a person who had all of the limitations plaintiff claimed would not be able to perform any of these jobs.
 
 
 15
 The ALJ denied benefits at step five of the five-step sequential evaluation process set forth in 20 C.F.R. 404.1520(b)-(f), where the Secretary has the burden of proving that the claimant retains the residual functional capacity (RFC) to perform other work that exists in the national economy. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir.1993). The ALJ found that plaintiff has an RFC to perform the full range of light work, reduced by a need to avoid intimate contact with the public. He rejected her subjective complaints of disabling pain because they were not corroborated by either medical or nonmedical evidence. He concluded she can perform the sedentary jobs of order clerk, cashier, and assembly, as well as the light job of assembly. Consequently, he denied her application. The Appeals Council declined to grant review, and the district court affirmed.
 
 
 16
 The Secretary's findings will be upheld if they are supported by substantial evidence. Id. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Id. (quoting Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991)) (further citations omitted)). We do not reweigh the evidence or substitute our judgment for the agency's. Id.
 
 
 17
 Plaintiff first argues that the Secretary erred in rejecting her subjective complaints of disabling pain based on the absence of local red, irritated areas of the skin or muscular atrophy, and the presence of only occasional muscle spasms. Plaintiff claims the Secretary erred by not citing any medical authority for this determination, yet does not cite any authority requiring that the Secretary do so. We need not develop her argument for her. SilFlo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1513-14 (10th Cir. 1990). In any event, the Secretary also observed that plaintiff's medical records do not indicate spinal injury or arthritis, that her x-rays have been negative, that she has full range of motion, and that her doctors have diagnosed her as having only muscle spasm and depression, all of which could be considered inconsistent with her claims of disabling pain. See Thompson, 987 F.2d at 1489.
 
 
 18
 Plaintiff notes, however, that her diagnosis of fibrositis/fibromyalgia is consistent with her subjective complaints. A diagnosis of fibrositis does not necessarily mean a claim of disabling pain must be accepted. See Tsarelka v. Secretary of Health & Human Servs., 842 F.2d 529, 534 (1st Cir.1988)("The mere presence of a fibrositis condition does not entitle [claimant] to disability benefits."). None of plaintiff's doctors stated that her fibrositis/fibromyalgia was disabling, or indicated the extent to which the disease limited her functions. Cf. Preston v. Secretary of Health & Human Servs., 854 F.2d 815, 819 (6th Cir.1988). We therefore reject plaintiff's challenge to the finding concerning her subjective complaints of pain.
 
 
 19
 Even if the Secretary's credibility finding is supported by substantial evidence, she still must determine the claimant's RFC level. Thompson, 987 F.2d at 1491. Plaintiff argues the Secretary's finding that she can perform light work is not based on substantial evidence. Even if this were true, only one of the four jobs the Secretary found plaintiff could perform is in the light work category. The three remaining jobs--order clerk, cashier, and assembly--are sedentary. Plaintiff has not argued that substantial evidence does not support a finding she can perform sedentary work.
 
 
 20
 Plaintiff contends the ALJ omitted from his hypothetical question to the VE an impairment that he had accepted as true--plaintiff's need to avoid intimate contact with the public.[4] See Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir.1990). The VE did testify that only the sedentary jobs of order clerk and cashier would involve public contact. By implication, the sedentary assembly job would not involve public contact. Thus, notwithstanding the ALJ's omission, the record contains substantial evidence that a person who must avoid public contact could perform the sedentary assembly job.
 
 
 21
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [2]
 While plaintiff testified that her accident occurred in March 1988, the medical records show conclusively that the accident actually occurred in March 1989
 
 
 [3]
 The record contains only the third page of this letter
 
 
 [4]
 We acknowledge the ALJ may have included this limitation in his hypothetical question but it was not transcribed because it was inaudible