56 F.3d 77
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas McLEAN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
[1] Defendant-Appellee.
 No. 94-7152.
 United States Court of Appeals, Tenth Circuit.
 May 31, 1995.
 
 1
 Before EBEL and BARRETT, Circuit Judges, and KANE,*** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Thomas J. McLean filed a claim for social security benefits, alleging a disability since July 26, 1990, due to a painful back injury suffered in a fall. After a hearing at which a vocational expert (VE) testified, the administrative law judge (ALJ) concluded at step five of the five-part sequential evaluation process that, although plaintiff could not return to one of his past heavy or very heavy jobs, there was a significant number of sedentary jobs he could perform even with his need to alternate sitting and standing. Plaintiff appeals from the district court's order affirming the denial of benefits. We have jurisdiction under 42 U.S.C. 405(g), and we affirm.
 
 
 4
 We review the record as a whole to determine only whether the Secretary's findings are supported by substantial evidence and whether she applied the correct legal standards. Goatcher v. United States Dep't of Health & Human Servs., No. 94-6108, 1995 WL 146019, at * 1 (10th Cir. Apr. 4, 1995). Plaintiff raises three issues on appeal: (1) the ALJ asked the VE incomplete hypothetical questions; (2) the ALJ failed to follow Social Security Ruling 83-12 regarding the sit/stand option; and (3) the ALJ's decision is not supported by substantial evidence and should be reversed for an award of benefits.
 
 
 5
 The ALJ need include in his hypothetical questions only those alleged impairments that the ALJ accepts as true. See Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir.1990). Plaintiff testified that after sitting for an hour to an hour and a half, he needed to change positions--to stand or to lie down--to relieve pain. R. Vol. II at 41-42. Based on this testimony, we find no error in the ALJ's asking the VE if there were jobs that could accommodate plaintiff's need to alternate sitting and standing, or in the ALJ's relying on the VE's response that there are such jobs. Further, nothing in Social Security Ruling 83-12 mandates that the sit/stand option is not available in sedentary jobs. Rather, it directs the ALJ to obtain vocational testimony on this point, see S.S.R. 83-12, 1983 WL 31253, at * 4, and that is precisely what the ALJ did.
 
 
 6
 The ALJ reviewed the medical evidence in his decision and considered plaintiff's allegations of disabling pain in light of the evidence. We have reviewed the record carefully and conclude there is substantial evidence to support the ALJ's decision that plaintiff is not disabled.
 
 
 7
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 ***
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation