64 F.3d 669
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Frances LOMON, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 94-7140.
 United States Court of Appeals, Tenth Circuit.
 Aug. 25, 1995.
 
 Before TACHA, LOGAN, and BRISCOE, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Frances Lomon appeals from an order of the district court affirming the Secretary's determination that she was not disabled and, therefore, not entitled to Social Security disability benefits. We affirm.
 
 
 3
 Plaintiff claims disability as of March 30, 1991. Plaintiff alleges disability due to severe pain and limited motion in her left shoulder, lower back, and right wrist; thyroid cancer with associated radiation and chemotherapy; and a nervous condition.
 
 
 4
 The administrative law judge (ALJ) denied benefits at step five. See Williams v. Bowen, 844 F.2d 748, 751-52 (10th Cir.1988). The ALJ held plaintiff retained the residual functional capacity to perform medium work, although not the full range.
 
 
 5
 On appeal, plaintiff argues the ALJ erred in not finding her disabled and her testimony credible. She argues that because her pain is more severe than can be explained by the medical evidence, the ALJ should have considered the pain factors as set out in Luna v. Bowen, 834 F.2d 161 (10th Cir.1987). Plaintiff argues the ALJ erred in rejecting the examining psychiatrist's opinion. Finally, she argues her residual functional capacity was not adequately evaluated, the grids should not have been used, and the ALJ improperly discounted the vocational expert's (VE) response to a second hypothetical.[3]
 
 
 6
 We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole and whether the correct legal standards were applied. Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted).
 
 
 7
 The record contains no evidence plaintiff has been treated for back or shoulder disorders. Because plaintiff's testimony regarding her pain is not consistent with her medical records, the ALJ properly discredited her testimony. See Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir.1990); Luna, 834 F.2d at 163 (claimant must show objective medical evidence of impairment which could produce pain, before ALJ must consider claimant's assertions of pain and decide whether to believe them). Further, a finding of disability requires more than the inability to work without pain. See Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988).
 
 
 8
 Plaintiff had her thyroid removed due to cancer in 1990. After surgery, she was released to resume her prehospitalization activities aside from heavy or strenuous activities. Admin. R. at 138, 158. Aside from a note entered a few months after surgery and before her claimed date of disability, the record contains no information that plaintiff's thyroid problems affected her ability to work or that any problems were expected to last at least twelve months. See 20 C.F.R. 404.1509.
 
 
 9
 Plaintiff argues the ALJ should not have rejected the examining psychiatrist's opinion. However, the examining psychiatrist's conclusions were not consistent with the observations he recited earlier in his report. His conclusions were not supported by any psychiatric testing. See id. 404.1527(a) (psychological impairment must be demonstrated by medically acceptable clinical and diagnostic techniques). Further, plaintiff has never received any kind of psychiatric treatment. The ALJ properly discredited the examining psychiatrist's opinion. See id. 404.1527(d)(3) (the better an explanation source provides for opinion, the more weight will be given that opinion).
 
 
 10
 Because the ALJ found that plaintiff's pain did not further limit her ability to work, the ALJ's reliance on the grids was not precluded. See Eggleston v. Bowen, 851 F.2d 1244, 1247 (10th Cir.1988). Finally, the ALJ was not required to accept the VE's testimony in response to the second hypothetical. Only if a hypothetical incorporates impairments and restrictions which are accepted as true by the ALJ, are the answers supplied by the VE binding on the ALJ. See Talley, 908 F.2d at 588. The second hypothetical contained limitations not accepted by the ALJ.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [3]
 Plaintiff argues she should be considered disabled at step three due to obesity. We do not address this argument. Plaintiff did not raise this claim to the agency, see Micheli v. Director, OWCP, 846 F.2d 632, 635 (10th Cir.1988), nor does she meet the listing, see 20 C.F.R. Pt. 404, Subpt. P, App. 1, 9.09