**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROGER A. WAGNER,
Plaintiff-Appellant,

v.

No. 98-2260

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CA-96-152-B)

Argued: October 29, 1999

Decided: November 16, 1999

Before MOTZ, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Erick Allen Bowman, WOLFE & FARMER, Norton,
Virginia, for Appellant. Cynthia Taleese Brown, Assistant Regional
Counsel, Office of the General Counsel, SOCIAL SECURITY
ADMINISTRATION, Philadelphia, Pennsylvania, for Appellee. **ON
BRIEF:** Joseph E. Wolfe, WOLFE & FARMER, Norton, Virginia,
for Appellant. James A. Winn, Chief Counsel, Region III, Patricia M.
Smith, Deputy Chief Counsel, Office of the General Counsel,

SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Robert P. Crouch, Jr., United States Attorney, Julie C. Dudley, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Roger A. Wagner appeals the district court order granting summary judgment to the Commissioner of Social Security. Finding no reversible error, we affirm.

I.

Wagner applied for disability insurance benefits on April 9, 1992, and for supplemental security income on September 15, 1992, alleging that he became disabled on October 28, 1990, because of knee and hand problems, arthritis, high blood pressure, a heart condition, memory loss, and drug and alcohol abuse. Wagner was 23 years old at the onset of the alleged disability. The Commissioner denied Wagner's application initially and again upon reconsideration. Subsequently, Wagner requested and received a hearing before an administrative law judge (ALJ) during which only Wagner and a vocational expert testified. The ALJ denied Wagner's application, finding that although he had severe impairments, he had residual functional capacity sufficient to engage in substantial gainful activity. Following the ALJ's decision, Wagner obtained a new psychological evaluation and appealed to the Social Security Appeals Council. The Appeals Council denied his request for review, making the ALJ's decision the final decision of the Commissioner. See 20 C.F.R.§§ 404.955(b), 404.981 (1999).

Wagner filed this action in the district court challenging the Com-

2

missioner's final decision. The district court referred the matter to the magistrate judge who wrongly concluded that recent amendments to the Social Security Act denying alcohol and drug-related disability benefits, see 42 U.S.C.A. §§ 423(d)(2)(C), 1382c(a)(3)(J) (West Supp. 1999), did not apply to Wagner's claim and recommended reversal of the Commissioner's final decision based on this misunderstanding. The district court declined to adopt the magistrate's recommendation and properly resolved the issue as to the effective date of the amendments.**1** Applying the amendments to Wagner's pending claim, the district court disregarded the polysubstance abuse in its analysis,**2** affirmed the Commissioner's decision that Wagner was not disabled, and granted summary judgment in favor of the Commissioner.

_____

**1** See Technical Amendments Relating to Drug Addicts and Alcoholics, Pub. L. No. 105-33, 111 Stat. 624-25 (1997): "[A]n individual's claim, with respect to supplemental security income benefits . . ., which has been denied in whole before the date of the enactment of this Act, may not be considered to be finally adjudicated before such date if, on or after such date . . . there is pending a request for either administrative or judicial review with respect to such claim . . .." (Emphasis added.) Wagner filed his appeal in the district court on June 27, 1996, after the effective date of the 1996 Amendments, i.e., March 29, 1996. Thus, the appeal constitutes a pending request for judicial review. Congress did not similarly amend the parallel provision applicable to disability insurance benefits. However, the conference report explains that the amendments were not made because of procedural considerations regarding reconciliation bills, and that Congress intended the Technical Amendments to clarify the effective date with regard to both disability insurance and supplemental security income benefits. H.R. Conf. Rep. No. 105-217, at 954 (1997); see also Newton v. Chater, 92 F.3d 688, 695 n.3 (8th Cir. 1996).

**2** In this case, the ALJ considered Wagner's polysubstance abuse in assessing his functional capacity and concluded that he was not disabled under the Act. In other words, Wagner received the benefit of evidence to which he was not entitled, yet the ALJ still determined that he did not suffer a disabling impairment. Had the ALJ concluded that Wagner was disabled, the district court would have had to determine whether alcoholism or drug addiction was a "contributing factor material to the determination of disability" and whether Wagner "would still [be found] disabled if [he] stopped using drugs or alcohol." 20 C.F.R. §§ 404.1535(b), 416.935(b) (1999).

3

Our review is limited to determining whether the ALJ's factual findings are supported by substantial evidence and whether his legal conclusions correctly apply controlling law. See 42 U.S.C.A. § 405(g) (West Supp. 1999); see also Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence is "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Craig, 76 F.3d at 589. It is the duty of the ALJ, not the courts, to make findings of fact and credibility determinations and to resolve conflicts in the evidence. See, e.g., Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The ALJ applied the sequential five step analysis for making disability determinations under the Social Security Act, see 20 C.F.R. § 404.1520 (1999), and concluded that Wagner was not currently engaged in substantial gainful activity; that he had a severe impairment; that he did not have an impairment that met or equaled medical criteria warranting a finding of disability without considering vocational factors; and that he was prevented from performing his past relevant work. However, the ALJ determined that Wagner could perform light work with some limitations and, relying on the testimony of the vocational expert, found that there were jobs available in the national and regional economy that Wagner could perform. Thus, the ALJ concluded that Wagner was not disabled under the Act. On appeal, Wagner challenges the Commissioner's final decision on five distinct grounds.

II.

Wagner initially argues that the ALJ erred in finding that he did not suffer a severe disabling mental impairment.

Following the administrative hearing but prior to the ALJ's decision, Dr. Shelle G. Dietrich and Dr. Jack C. Neale evaluated Wagner. Both doctors agreed that Wagner had a history of polysubstance abuse, but that he did not suffer from psychosis, hallucinations, or delusions. However, the two doctors' evaluations as to the degree of Wagner's psychological impairment and his ability to do work-related activities differed in several respects, particularly as to how he would

4

fare in a work setting. Dr. Dietrich stated that Wagner's abilities to maintain attention and to function independently were seriously limited, that he had "difficulty relating to others," and no useful ability to follow work rules, deal with the public, relate to co-workers, interact with supervisors, deal with work stressors, deal with complex job instructions and detail, and follow simple job instructions. By contrast, Dr. Neale concluded that Wagner's ability to maintain attention was more than satisfactory because he was "goal directed" and showed no thought disorder, preoccupation, or poor concentration. Dr. Neale also opined that Wagner's other abilities to function in a work environment were "limited but satisfactory," and that he related well in a "coherent, relevant, cooperative, pleasant, and sociable manner"; Dr. Neale gave Wagner a rating of more than satisfactory in his ability to relate to co-workers and to follow simple job instructions.

Wagner relies heavily on Dr. Dietrich's evaluation and maintains that the ALJ failed to adequately explain his decision to give greater weight to Dr. Neale's assessment. The ALJ, however, specifically considered both doctors' evaluations and noted that"[t]he limitations set forth in [Dr. Dietrich's] report are not fully consistent with [the] body of evidence reported from the examination." **3** The ALJ's credibility determination as to Wagner's testimony during the administrative hearing appears to have influenced the relative weight he assigned to portions of Dr. Dietrich's evaluation. For example, the ALJ concluded that many of Wagner's alleged physical ailments during the period for which he is claiming disability benefits were feigned or exaggerated in order to obtain medications to sustain his chemical addiction.

_____

**3** On appeal to both the district court and this court, Wagner asserts that the ALJ was confused about the record of evidence regarding Wagner's psychological evaluations. Wagner is correct only to the extent that the ALJ transposed the name of Dr. Neale with the name of Dr. Mann. However, all of the ALJ's references to Dr. Neale's evaluation are correct despite attributing the observations to Dr. Mann. As the district court noted, "[g]iven the number of cases heard by individual ALJs and the variety of doctors visited by Wagner in this case, the ALJ's error is understandable and clearly had no effect on the ALJ's substantive consideration of the evidence before him."

The ALJ is entitled to give less weight to an opinion or any portion of the evidence that is not supported by or is inconsistent with the other evidence in the record. See 20 C.F.R.§§ 404.1527(d)(3), (4), 416.927(d)(3), (4) (1999). Therefore, where the psychological evaluations conflict, it was well within the ALJ's discretion to assign more weight to Dr. Neale's evaluation in assessing Wagner's alleged mental impairment in light of his credibility determination as to Wagner's testimony. Evaluating the record as a whole, substantial evidence supports the determination that Wagner does not suffer a disabling mental impairment.

Subsequent to the ALJ's decision, Wagner's attorney referred him to Dr. Schacht for an additional psychological evaluation. Dr. Schacht diagnosed Wagner with polysubstance abuse, dependence, and personality disorder NOS with dependent, paranoid, and passive-aggressive traits. Dr. Schacht concluded that Wagner is "seriously limited but not precluded" in his ability to deal with the public, function independently, and perform simple job instructions, and has "no useful ability" to follow work rules, relate to co-workers, interact with supervisors, deal with work stresses, maintain attention and concentration, and understand, remember and carry out complex or detailed job instructions. Upon receiving the new psychological evaluation, Wagner sought reconsideration from the Appeals Council, but the Council affirmed the ALJ's decision.

The Council did not err in doing so. Dr. Schacht did not make any conclusions that had not already surfaced during Wagner's previous psychological examinations. Moreover, although Dr. Schacht's evaluation was more consistent with that of Dr. Dietrich, the Appeals Council was not required to grant review on this basis, particularly because Dr. Schacht's evaluation was performed after the ALJ issued his decision denying disability benefits. See, e.g., Macri v. Chater, 93 F.3d 540 (9th Cir. 1996) (stating that medical reports issued by treating physicians after issuance of an ALJ decision are to be treated as less persuasive than opinions issued prior to the ALJ decision).

III.

Wagner also asserts that the ALJ failed to adequately address his claims of pain, including his alleged irritable bowel syndrome, severe

6

knee pain, spondylitis, arthritis, and hypertension, all of which assertedly preclude him from performing substantial gainful activity.

The ALJ must evaluate the entire record when considering a claimant's complaints of pain. See 20 C.F.R.§ 404.1529(a) (1999). "[T]here must be medical signs and laboratory findings which show that [a claimant has] a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged . . . ." Id.; see also § 416.929(a) (1999); Craig , 76 F. 3d at 594. A mere diagnosis of a condition, however, is not enough to prove disability. See Gross v. Heckler, 785 F.2d 1163, 1165 (4th Cir. 1986). Moreover, whether a symptom can be reasonably controlled by medication or other treatment is also considered in the disability determination. See 20 C.F.R. § 404.1529(c)(3)(iv), (v) (1999); Purdham v. Celebrezze, 349 F.2d 828, 830 (4th Cir. 1965).

The ALJ's decision reflects that he adequately considered all of the evidence. For example, he gave specific reasons for finding that Wagner could not be found credible with regard to his alleged degree of knee pain, and relied on objective x-ray evidence and reports of treating physicians. As the district court stated, the ALJ chose, within his discretion, to focus on "the medical evidence clearly contradicting Wagner's claims, and the numerous inconsistencies and plain instances of misleading or lying by Wagner," and concluded that there was no evidence that Wagner's alleged daily physical restrictions result in "a decrease in activity due to his impairments rather than a continuation of an established lifestyle." See Jones v. Callahan, 122 F.3d 1148 (8th Cir. 1997) (finding that objective medical evidence of the claimant's physiological impairments, coupled with evidence that the claimant exaggerated the severity of his symptoms, supported the ALJ's finding that the claimant's subjective complaints of back pain were not fully credible); Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495 (10th Cir. 1992) (requiring the ALJ, in assessing the credibility of complaints of pain, to consider all evidence, both objective and subjective, but emphasizing that credibility is the province of the ALJ).

Giving Wagner significant benefit of the doubt, the ALJ properly considered Wagner's knee injury by restricting the vocational expert's analysis to jobs that would allow Wagner to work at the light exer-

7

tional level with a sit/stand option. The ALJ also found that Wagner's hypertension did not preclude certain sedentary work because it could be adequately controlled with medication. Finally, as the Commissioner points out, Wagner lacks evidentiary support for his claims of disabling arthritis during the period at issue, nor has Wagner sought back surgery or other treatment to reduce his alleged pain due to spondylitis. Therefore, the ALJ's conclusion that Wagner does not suffer disabling physical impairments based on the amount of alleged pain is supported by substantial evidence in the record.

IV.

Wagner makes three additional contentions; all are meritless.

The first is that the ALJ failed to address adequately the alleged injury to Wagner's right hand, i.e., that his bilateral manual dexterity has been so severely affected that he is unable to perform the full range of light sedentary work. This is a purely subjective claim; Wagner offered no objective medical evidence to support it. See Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990) (per curiam) (holding that subjective complaints alone are insufficient to establish disabling pain). The x-rays referenced in the record reveal a healing fracture in the right hand and an acute new fracture at the base of his fifth finger. No report from a treating physician suggests that the old or new injury caused the effect Wagner alleges. Thus, there is substantial evidence in the record, including the ALJ's finding that Wagner's testimony was not fully credible, to support the determination that Wagner is not disabled on this basis.

Wagner also contends that the ALJ failed to consider the cumulative effects of Wagner's disabilities. His argument is unconvincing, however, especially in light of the ALJ's explicit statement that Wagner "does not have an impairment or combination of impairments" that would qualify him as disabled under the Act. As previously discussed, there is substantial evidence to support the ALJ's finding that Wagner's alleged mental impairment is not sufficiently severe to preclude him from performing substantial gainful activity. In addition, most of Wagner's arguments as to physical impairments rely exclusively on his subjective complaints, many of which are contradicted by objective medical evidence or can be adequately controlled

8

through medication or other treatment. As such, the ALJ's conclusion that Wagner is not disabled based on a combination of the alleged impairments does not constitute reversible error.

Finally, Wagner argues that the ALJ relied on erroneous testimony by the vocational expert concerning the availability in the regional and national economy of employment that does not require interaction with the public. In his brief to the district court, Wagner failed to substantiate this argument with any evidence, leading the district judge to comment "Wagner's argument is fatuous and his disbelief regarding the existence of such positions is inapposite." In his brief to this Court, Wagner again fails to cite authority supporting his contention, and makes assertions based solely on "common sense."

The record reveals that the vocational expert more than adequately considered Wagner's psychological limitations. Based on the ALJ's hypothetical questions, the vocational expert estimated that there are at least 1,120 jobs in the regional economy and 115,000 in the national economy that Wagner could perform. Specifically, accounting for Wagner's seriously limited, but not precluded ability to follow complex instructions and to deal with the public and other stress situations, the vocational expert gave examples of the types of jobs available that Wagner could perform--weigh clerk, cigarette inspector, and money counter. Accordingly, the ALJ's reliance on the vocational expert's testimony was reasonable and appropriate, and thus, the testimony was sufficient to meet the Commissioner's burden to prove the existence of jobs Wagner can perform.

V.

Viewing the record as a whole, we must conclude that the ALJ properly weighed all of the relevant evidence and made legitimate credibility determinations. Substantial evidence supports the ALJ's decision that Wagner does not suffer a physical or mental impairment or combination of impairments rendering him disabled under the Social Security Act. Accordingly, the district court's order granting summary judgment to the Commissioner is

AFFIRMED.

9