39 F.3d 1191
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael BURNS, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary, Health and Human Services,
Defendant-Appellees.
 No. 94-6050.
 United States Court of Appeals, Tenth Circuit.
 Nov. 9, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE and ANDERSON, Circuit Judges, and BRIMMER,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant Michael Burns appeals the district court's affirmance of the Secretary's decision denying his application for social security disability benefits. Because the decision is supported by substantial evidence, we affirm.[2]
 
 
 4
 Mr. Burns hurt his back in August 1988, when trying to restrain a violent juvenile at a treatment facility. He continued to work until February 1990, when he quit his job because of back pain and a loss of bladder and bowel sensation. Mr. Burns was diagnosed with a herniated disc at L4-5, and on April 3, 1990, he underwent a laminectomy, decompression and excision of the disc, and a cytoscopy and retrograde pyelogram with dilation of his urethral stricture.
 
 
 5
 After the surgery, Mr. Burns' back improved, and his bladder and bowel sensation increased. Although Mr. Burns still experienced some back pain and moderately limited range of motion, his treating orthopedic surgeon released him from medical care on August 29, 1990. R. at 182-3. The only restrictions placed on Mr. Burns were to avoid activities requiring strenuous exertion, repeated bending and lifting, or lifting more than fifty pounds. Id. at 183.
 
 
 6
 Mr. Burns filed for disability benefits and supplemental security income, alleging that he was unable to work because of pain in his back and hips, with loss of bladder and bowel control. After a hearing, the administrative law judge (ALJ) found that Mr. Burns' impairments did not meet or equal a listed impairment, and that although he could not return to his former work, there remained significant jobs in the national economy which he could perform. R. at 32-33. The Appeals Council denied review, and the district court affirmed. This appeal followed.
 
 
 7
 We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir.1994). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 8
 Mr. Burns first argues that his impairment meets the listing for a vertebrogenic disorder, as described in the social security regulations. A claimant is presumed disabled if he meets the criteria for a listed impairment. 20 C.F.R. 404.1520(d). To meet the requirements of listed impairment 1.05(C), Mr. Burns had the burden of showing that he suffered from a vertebrogenic disorder
 
 
 9
 with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:
 
 
 10
 1. Pain, muscle spasm, and significant limitation of motion in the spine; and
 
 
 11
 2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.
 
 
 12
 20 C.F.R. Part 404, Subpt. P, App. 1, 1.05(C).
 
 
 13
 Mr. Burns' medical evidence does not support his assertion that he met the listed criteria for a continuous three-month period. There are almost no findings of motor loss in his extremities, and certainly no evidence of "significant" motor loss or muscle weakness. See, e.g., Report of Dr. Kamath, dated July 16, 1990, R. at 164 ("Exam of the lower extremity revealed no muscular weakness."); Report of Dr. Dow, dated July 17, 1990, R.at 167 ("Strength testing shows only equivocal weakness of the right anterior tibialis and otherwise strength ... is normal throughout both lower extremities"); Report of Dr. Kamath, dated August 29, 1990, R. at 182 ("Examination of the lower extremity revealed no muscular weakness or atrophy."); Report of Dr. Kamath, dated October 22, 1990, R. at 189 (same); Report of Dr. McAfee, dated March 15, 1991, R. at 209 (noting normal strength).
 
 
 14
 Moreover, the evidence of reflex loss is sketchy at best, with only one physician noting such loss in July 1990. Report of Dr. Dow, dated July 17, 1990, R. at 167. There is no evidence that this loss continued through a three-month period. See, e.g., Report of Dr. Kamath, dated July 16, 1990, R. at 164 ("Deep tendon reflexes were normal."); Report of Dr. Kamath, dated August 29, 1990, R. at 182 (same); Report of Dr. Kamath, dated October 22, 1990, R. at 189 (same). Therefore, the medical evidence does not demonstrate an impairment meeting all of the criteria as listed in 1.05(C).
 
 
 15
 Mr. Burns next contends that the ALJ erred in concluding that he is not disabled by pain. The inability to work pain-free is not a sufficient reason to find a claimant disabled. Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988). "To determine whether a claimant's pain is disabling, 'the Secretary is entitled to examine the medical records and evaluate a claimant's credibility. Moreover, a claimant's subjective complaint of pain is by itself insufficient to establish disability.' " Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir.1990)(quoting Brown v. Bowen, 801 F.2d 361, 363 (10th Cir.1986)).
 
 
 16
 Here, in determining Mr. Burns' claim of disabling pain to not be credible, the ALJ considered the lack of medical findings, the observations of his physicians, his work history, his daily activities, and his medications. We generally treat the ALJ's credibility determinations as binding upon review. Gossett, 862 F.2d at 807. As the evidence supports the finding that Mr. Burns' testimony was overstated, it will not be disturbed.
 
 
 17
 Mr. Burns also argues that the ALJ erred in not finding him disabled based on the vocational expert's opinion that all jobs would be eliminated if a claimant were required to lay in a recliner for twelve hours each day and if the claimant lacked the ability to concentrate. Because "the hypothetical posed to the vocational expert did not set forth only impairments which had been accepted as true by the ALJ ... his opinion was not binding on the ALJ." Talley, 908 F.2d at 588.
 
 
 18
 Finally, Mr. Burns argues that because he cannot perform the full range of light work, the ALJ erred in finding him not disabled. There is no requirement, however, that a claimant be able to perform an entire range of work, so long as he can perform a substantial number of jobs within the identified range. See Soc. Sec. Rul. 83-12. Here, the vocational expert identified a substantial number of jobs at the light level that Mr. Burns could perform despite his nonexertional impairments. Thus, the requirements of Social Security Ruling 83-12 were met, and the ALJ did not err in finding Mr. Burns not disabled. Based on our review of the record, we conclude that the Secretary's decision is supported by substantial evidence and must be upheld.
 
 
 19
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [2]
 We note that Mr. Burns only provided us a partial record containing excerpts of medical reports favorable to his case. When an appellant intends to argue that a finding or conclusion is unsupported by or is contrary to the evidence, "the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." Fed. R.App. P. 10(b)(2) (emphasis added). Although the record is inadequate, the excerpts provided are sufficient to support the Secretary's determination. We choose, therefore, to decide the case on its merits