54 F.3d 787
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Caryl Lynn FOSS, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
[1] Defendant-Appellee.
 No. 94-1307.
 United States Court of Appeals, Tenth Circuit.
 May 19, 1995.
 
 ORDER AND JUDGMENT[2]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[3]
 
 
 1
 Claimant Caryl Lynn Foss appeals the district court's affirmance of the decision of the Secretary of Health and Human Services denying Ms. Foss' application for disability benefits. Because substantial evidence supports the Secretary's decision, and no legal errors occurred, we affirm.
 
 
 2
 Ms. Foss applied for disability benefits in November 1990, alleging that she was unable to work due to fibromyalgia. After a hearing, the administrative law judge (ALJ) determined that Ms. Foss' complaints of disabling pain were not fully credible, and that she retained the ability to perform the full range of sedentary work and a wide range of light work. The Appeals Council denied review, thus making the ALJ's determination the final decision of the Secretary. This appeal followed.
 
 
 3
 We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir.1994). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 4
 Ms. Foss contends that the ALJ's finding regarding her residual functional capacity (RFC) is not supported by substantial evidence. She argues that the ALJ erred in disregarding her physicians' opinions, her subjective testimony, and the medical evidence. She argues further that the ALJ erred in applying the grids to determine the availability of jobs she could perform.
 
 
 5
 Ms. Foss injured her back and neck in March 1986, and again in June 1988. She was treated by Dr. Livingstone, a rehabilitation specialist, from October 1988 to May 1990. He diagnosed her as suffering from fibromyalgia, a pain syndrome affecting the fibrous tissues. Under a program of physical therapy, cold therapy and exercises, Ms. Foss' condition improved significantly from October 1988 through the spring of 1989. Ms. Foss' physical therapy was discontinued, and she was placed on a home rehabilitation program of cold therapy, stretching, and strengthening exercises.
 
 
 6
 In January 1989, Dr. Livingstone recommended that Ms. Foss return to work on a half-time basis, R. II at 251, and by June 1989, Dr. Livingstone opined that Ms. Foss was several weeks away from maximum medical improvement, at which time she would be able to work, id. at 256. In August, he released her to work with no medical restrictions. Id. at 258.
 
 
 7
 Ms. Foss returned to work for a week, but felt unable to continue. She then sought a consulting opinion from Dr. Kasiel Steinhardt. He found no objective medical limitations, noting that Ms. Foss' x-rays were basically normal, as was the range of motion in her neck, back, and extremities. Id. at 241-44. Her grip strength and reflexes were also normal, with no neurological or sensory deficits. Dr. Steinhardt agreed that Ms. Foss suffered from fibromyalgia, and recommended that she "proceed with those activities she feels she can handle." Id. at 244.
 
 
 8
 Ms. Foss underwent a functional capacity evaluation at the Outlook Center for Rehabilitation. Based on her complaints of pain and fatigue, Outlook concluded that Ms. Foss was severely restricted in her ability to work. Specifically, Outlook concluded that she was restricted in her ability to lift, carry, push, pull, sit, stand, stoop, reach, and handle objects. When consulting physician Steinhardt was asked whether he agreed with Outlook's assessment, he responded affirmatively, and opined that Ms. Foss had the ability to work four hours per day.
 
 
 9
 Dr. Livingstone also acceded to Outlook's assessment, but indicated his belief that Ms. Foss' inability to work was due to her failure to comply with her rehabilitation program. Id. at 255, 260, 266-67. Throughout his records, Dr. Livingstone opines that Ms. Foss' medical improvement and prevention of injury recurrence are within her control, see id. at 252-53, 254, 255, 258, 260, 263, 266-67, noting her consistent failure to carry out her home program of stretching, exercises and ice therapy, and her tendency to overuse her muscles at home, id. at 249, 252-53, 254, 258, 260, 266-67. He also suggests that Ms. Foss' failure to improve might be due to "psychological and emotional problems or secondary gain issues." Id. at 266.
 
 
 10
 Ms. Foss was examined by consulting physician David Crossman in January 1991. He found normal range of motion, grip strength, reflexes, motor power, and sensation in Ms. Foss' neck, back, and extremities, with no atrophy. Detailed x-rays showed no abnormalities. Dr. Crossman opined that Ms. Foss could return to her former employment and that she was not disabled.
 
 
 11
 In January 1991, Ms. Foss was examined by Dr. Janice Kulik. Based on this examination, Ms. Foss' statements, the Outlook assessment, and Dr. Livingstone's notes, Dr. Kulik submitted a physical capacity evaluation describing severe restrictions on Ms. Foss' ability to perform work-related activities.
 
 
 12
 Noting Ms. Foss' lack of pain medications and her daily activities, the ALJ found her claim of disabling pain to be incredible. For the same reason, the ALJ rejected the Outlook assessment of Ms. Foss' abilities as inaccurate. We generally treat the ALJ's credibility determinations as binding upon review. Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988).
 
 
 13
 "To determine whether a claimant's pain is disabling, the Secretary is entitled to examine the medical record and evaluate a claimant's credibility. Moreover, a claimant's subjective complaint of pain is by itself insufficient to establish disability." Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir.1990) (further quotations omitted). Several factors are relevant in determining the credence given to a claimant's statements of disabling pain, including
 
 
 14
 the levels of medication [taken] and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.
 
 
 15
 Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir.1988).
 
 
 16
 Here, Ms. Foss testified that she rides a bicycle, walks four blocks twice a day, goes grocery shopping, attends her son's football practices and games, drives her children to activities, does laundry, reads an hour a day, watches television an hour each day, and sits and helps her children with their homework. R. II at 139, 142-46. She has described her daily activities as follows:
 
 
 17
 Cook breakfast[,] get kids ready for School[,] pick up around house, wash clothes[,] fix lunch[,] help kids with School work[,] watch tv[,] Exercise[,] lay on Ice when needed, walk kids to School and walk to pick up, cook dinner, wash dishes, go to the grocery store, go to Bed.
 
 
 18
 Id. at 177. She also reported that she cleans the house daily and drives a car short distances. Id. at 163. Dr. Livingstone indicated that Ms. Foss's household activities were so extensive that "she may be just as well off going to work." Id. at 255. In August 1990, Ms. Foss reported her hobbies as bowling, volleyball, bike riding, sewing, and crafts. Id. at 269. The ability to perform this level of activity, particularly without resort to pain medication, is inconsistent with a claim of disabling pain.
 
 
 19
 Moreover, there is scant objective medical evidence to support Ms. Foss' claim of disability. Almost every physical examination has shown her to have a normal range of motion in the neck, back, and extremities, normal grip strength, normal reflexes and sensation, normal muscle tone and motor power. See id. at 242-44, 247-48, 276-77. The only objective signs noted are muscle tightness and one report of reduced arm flexion strength. All other evidence of disability stems from Ms. Foss' subjective reports of pain, tenderness, weakness and fatigue. "[T]he absence of an objective medical basis for the degree of severity of pain may affect the weight to be given to the claimant's subjective allegations of pain." Luna v. Bowen, 834 F.2d 161, 165 (10th Cir.1987). As the evidence supports a finding that Ms. Foss' testimony was overstated, it will not be disturbed.
 
 
 20
 The ALJ did not err in rejecting the opinions of Ms. Foss' physicians. Dr. Livingstone was Ms. Foss' treating physician. His opinion, therefore, is entitled to controlling weight if it is supported by clinical findings and is not inconsistent with other substantial evidence. 20 C.F.R. 404.1527(d)(2); Castellano, 26 F.3d at 1029. Here, the ALJ did not give controlling weight to Dr. Livingstone's acquiescence in Outlook's disability assessment because he found the assessment to be inaccurate and contrary to other record evidence. As the ALJ identified a specific and legitimate reason for disregarding this portion of Dr. Livingstone's opinion, there was no error. See Williams v. Bowen, 844 F.2d 748, 758 (10th Cir.1988).
 
 
 21
 Moreover, we do not read Dr. Livingstone's opinion to state that Ms. Foss' fibromyalgia is disabling. Rather, his medical opinion appears to be that her fibromyalgia could be controlled if she took the necessary steps, but that at her current level of compliance, she has a low tolerance for work-related activities. Dr. Livingstone, in fact, released Ms. Foss to work in August 1989, with no restrictions.
 
 
 22
 The RFC assessments of examining physicians Steinhardt and Kulik were also properly rejected because they incorporated the Outlook evaluation. Moreover, Dr. Kulik's opinion regarding Ms. Foss' inability to perform fine hand manipulations was properly rejected. Dr. Kulik initially opined, based on her examination, that Ms. Foss would have no trouble performing fine manipulation. It was only after Ms. Foss claimed to be incapable of this function that Dr. Kulik changed her opinion. As the ALJ found Ms. Foss to be less than credible, there was a legitimate reason for rejecting Dr. Kulik's opinion.
 
 
 23
 The ALJ's conclusion that Ms. Foss retains the ability to perform all sedentary work and most light work is supported by the medical evidence, Dr. Livingstone's opinion, and Ms. Foss' daily activities. Although it is clear that Ms. Foss suffers some pain, the inability to work pain-free is not a sufficient reason to find a claimant disabled. Gossett, 862 F.2d at 807. Moreover, because the ALJ found that Ms. Foss could perform the full range of sedentary work, there was no error in applying the grids to find that she is not disabled. See Thompson v. Sullivan, 987 F.2d 1482 (10th Cir.1993).
 
 
 24
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.
 
 
 [3]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument