57 F.3d 1080
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Vera CORDELL, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
[1] Defendant-Appellee.
 No. 94-7121.
(D.C. No. CIV 93-663-P)
 United States Court of Appeals, Tenth Circuit.
 June 14, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 The Secretary of Health and Human Services (the Secretary) denied Vera Cordell's application for Social Security disability benefits. The district court affirmed the decision, and claimant now appeals. We have jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 I. Background
 
 3
 The Secretary denied claimant's application for disability benefits initially on May 11, 1992, and on reconsideration on July 13, 1992. After an administrative hearing, the ALJ denied benefits at step five of the five-part sequential evaluation process for determining disability, finding claimant had the exertional capacity for light or sedentary work. The Appeals Council refused to review the ALJ's decision on July 1, 1993, making the ALJ's decision the final decision of the Secretary.
 
 
 4
 At the time of her hearing, claimant was a forty-nine year old woman with a high school education and one year of vocational training as a licensed practical nurse. She injured her back in June 1991 and now claims complete disability due to spinal damage, pain, and depression. After claimant filed suit in federal court, the district court affirmed the Secretary's decision. On appeal, claimant contends that the ALJ erred in evaluating her credibility regarding her pain and in failing to consider vocational expert testimony which assumed the truth of her pain.
 
 II. Discussion
 
 5
 On appeal of the Secretary's decision, we limit our review to determining whether the factual findings are supported by substantial evidence and whether the Secretary applied the correct legal standards. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "Evidence is not substantial if it is overwhelmed by other evidence ... or if it really constitutes not evidence but mere conclusion.' " Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir.1985) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir.1983)). To determine whether the Secretary's decision is supported by substantial evidence "we must meticulously examine the record. However, we may neither reweigh the evidence nor substitute our discretion for that of the Secretary." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.1992).
 
 
 6
 An individual is disabled within the meaning of the Social Security Act only if her impairments are so severe that she "is not only unable to do [her] previous work, but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial, gainful work which exists in the national economy." 42 U.S.C. 423(d)(2)(A). In examining a claimant's allegation of disability, the Secretary evaluates the individual's condition according to a five-step process. Williams v. Bowen, 844 F.2d at 750-52. A claimant has the burden of proving that her disability prevents her from engaging in her prior work activity. See Ray v. Bowen, 865 F.2d 222, 224 (10th Cir.1989). If a claimant meets this burden, the burden shifts to the Secretary to show that the claimant can perform other jobs presently existing in the national economy. Id.
 
 
 7
 The Secretary meets this burden by first referring to the medical-vocational guidelines. See Channel v. Heckler, 747 F.2d 577, 579 (10th Cir.1984) (per curiam). The grids represent the Secretary's administrative notice of the jobs that exist in the national economy at the various functional levels (i.e. sedentary, light, medium, heavy, and very heavy). Id. If the ALJ's findings of fact regarding a particular individual's age, education, training, and residual functional capacity (RFC) all coincide with the criteria of a particular rule on these grids, the Secretary must conclude that jobs suitable for the claimant exist in the national economy and that claimant therefore is not disabled. Id. Because the grids classify RFC based only on exertional or physical strength limitations, see 20 C.F.R. 8 404.1567, they may not be fully applicable to claimants with nonexertional impairments, Channel, 474 F.2d at 580-81. Nonexertional impairments are medically determinable impairments, including pain, that do not directly limit physical exertion, but may reduce an individual's ability to perform gainful work nonetheless. Id. at 580.
 
 
 8
 If nonexertional impairments narrow the range of possible work the claimant can perform, the Secretary may only use the grids as a "framework" for determining whether the claimant has meaningful employment opportunity within the national economy. 20 C.F.R. pt. 404, subpt. P, App. 2, 200(e)(2). In such cases, the Secretary must also produce a vocational expert to testify whether specific jobs appropriate to claimant's limitations exist in the national economy. Channel, 747 F.2d at 581 (quoting Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir.1983)).
 
 
 9
 In this case, the ALJ applied the grids only as a framework and called a vocational expert to testify at claimant's hearing. He relied upon the expert's opinion that, assuming only medically determinable exertional and nonexertional impairments, claimant could perform a significant number of existing jobs in the light or sedentary categories.
 
 
 10
 Claimant now argues that the ALJ should also have credited the expert's opinion that claimant was disabled if her subjective complaints of injury were truthful. But an ALJ is bound only by vocational testimony regarding impairments he has accepted as true. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir.1990). Here, the ALJ determined that claimant's allegations of inability to work due to pain and serious depression were not credible in light of all the evidence and testimony before him. In reviewing such a credibility determination, courts should "defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility." Casis v. Secretary of Health and Human Servs., 933 F.2d 799, 801 (10th Cir.1991). We find no reason to disturb the ALJ's findings in the case. Thus, the Secretary's decision that claimant is not disabled within the meaning of the Social Security Act is supported by substantial evidence.
 
 
 11
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 12
 The mandate shall issue forthwith.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470