62 F.3d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ted L. JOHNSON, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-7021.
(D.C.No. 93-666-S)
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 The Secretary of Health and Human Services (the Secretary) denied claimant Ted L. Johnson's application for Social Security disability benefits. The district court affirmed the denial of benefits, and claimant now appeals. We have jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 I. Discussion
 
 3
 On appeal of the Secretary's decision, we limit our review to determining whether the factual findings are supported by substantial evidence and whether the Secretary applied the correct legal standards. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). To determine whether the Secretary's decision is supported by substantial evidence, "we must meticulously examine the record. However, we may neither reweigh the evidence nor substitute our discretion for that of the Secretary." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.1992).
 
 
 4
 An individual is disabled within the meaning of the Social Security Act only if his impairments are so severe that "he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. 423(d)(2)(A). In examining a claimant's allegation of disability, the Secretary evaluates that individual's condition using a five-step process. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988). A claimant has the burden of proving his disability prevents him from engaging in his prior work activity. See Ray v. Bowen, 865 F.2d 222, 224 (10th Cir.1989). If a claimant meets this burden, the burden shifts to the Secretary to show that the claimant can perform other jobs presently existing in the national economy. Id.
 
 
 5
 To meet this burden, the Secretary first refers to the medical-vocational guidelines (grids). See Channel v. Heckler, 747 F.2d 577, 579 (10th Cir.1984) (per curiam). The grids represent the Secretary's administrative notice of the jobs that exist in the national economy at the various functional levels (i.e. sedentary, light, medium, heavy, and very heavy). Id. If the administrative law judge's (the ALJ's) findings of fact regarding a particular individual's age, education, training, and residual functional capacity (RFC) all coincide with the criteria of a particular rule on the grids, the Secretary must conclude that jobs suitable for the claimant exist in the national economy and that the claimant therefore is not disabled. Id.
 
 
 6
 In this case, the ALJ determined that the Secretary had shown that claimant could perform jobs existing in substantial numbers in the national economy.[3] Claimant contends that this conclusion is not supported by substantial evidence. We disagree.
 
 
 7
 Claimant argues that the ALJ erroneously refused to credit claimant's allegations of pain. The ALJ, however, evaluated the credibility of claimant's testimony according to the factors set out in Luna v. Bowen, 834 F.2d 161 (10th Cir.1987). Based on those factors, he properly found claimant's testimony not credible.
 
 
 8
 Claimant next disputes the ALJ's findings regarding Dr. Parker's testimony, stating that the ALJ should have found him credible. But the ALJ did accept Dr. Parker's objective medical findings. The ALJ only rejected Dr. Parker's testimony "to the extent that [his] opinion deviates from the objective to the subjective." In other words, the ALJ credited Dr. Parker's objective testimony, but did not agree that they led to the conclusion that claimant was "disabled." We find no error from the ALJ's actions.
 
 
 9
 Claimant also contests the ALJ's finding that Dr. Spray was not credible. In reviewing such a credibility determination, courts should "defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (10th Cir.1991). We see no reason to disturb the ALJ's findings here.
 
 
 10
 Claimant also contends that the ALJ erred in failing to include her subjective complaints in the questions posed to the vocational expert. An ALJ is bound, however, only by vocational testimony regarding impairments he has accepted as true. See Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir.1990) (per curiam). In this case, the ALJ determined from the body of evidence and testimony before him that claimant's allegations of pain and fatigue were credible only to the extent they were consistent with his medically determinable residual functional capacity (RFC) to perform light work activity. Again, we find no reason to disturb the ALJ's credibility findings in this case.
 
 
 11
 Finally, claimant contends that the ALJ erred in refusing to find claimant disabled under Rule 201.00(h). 20 C.F.R. 404, pt. 404, subpt. P, app. 2, sec. 201.00(h). Rule 201.00(h) directs a finding of disability when an individual aged 45-49 meets certain conditions. Claimant, however, was in his thirties during the relevant period. Consequently, he cannot claim that a finding of disability was mandated.
 
 
 12
 The Secretary's decision that claimant is not disabled within the meaning of the Social Security Act is supported by substantial evidence. The judgment of the district court is therefore AFFIRMED.
 
 
 13
 The mandate shall issue forthwith.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. Pub.L. No. 103-296, 108 Stat. 1464 (1994). Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [3]
 The ALJ also found, in the alternative, that claimant could perform his past relevant work. Because we determine that the ALJ properly found that claimant was not disabled at step five of the evaluation process, we need not address claimant's objections to this finding