UNITED STATES COURT OF APPEALS

**Filed 6/18/96**

FOR THE TENTH CIRCUIT

CATERINA HERRERA,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner of
Social Security Administration,[*]

      Defendant-Appellee.

No.  95-3305
(D.C. No. 94-CV-1480)
(D. Kan.)

ORDER AND JUDGMENT[**]

Before PORFILIO, JONES,[***] and TACHA, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296.  Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action.  Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Caterina Herrera appeals from an order of the district court that affirms the decision of the Secretary of Health and Human Services to deny her social security disability benefits and supplemental security income. Plaintiff claims she has been disabled since July 1988 due to back pain, numbness in her left leg and heel, kidney impairments, and headaches. The administrative law judge (ALJ) denied benefits at step four of the five-part sequential process for determining disability. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(discussing five-step process). The ALJ determined that plaintiff retained the residual functional capacity to perform her past work as an office manager and therefore was not disabled. The Appeals Council denied review, making the ALJ's determination the final decision of the Secretary.

We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291 to review the Secretary's decision to determine only whether it is supported by substantial evidence and whether the correct legal standards were applied. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995). Substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

2

*Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quotation and citation omitted). Evidence is not substantial if it is overwhelmed by other evidence or is mere conclusion. *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). We may not reweigh the evidence or substitute our judgment for that of the Secretary. *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995).

On appeal, plaintiff contends the ALJ: (1) posed a defective hypothetical to the vocational expert (VE); (2) erroneously disregarded her nonexertional limitations; and (3) erred in determining she could perform her past work as an office manager. We have reviewed the briefs and the record on appeal, and are not persuaded by plaintiff's claims of error.

At step four, plaintiff bears the burden to establish that she cannot return to her past relevant work. See *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). The ALJ is not limited to considering the specific demands of her past job, however. "Claimant's burden [] is to demonstrate [s]he cannot return to [her] former type of work, and not just to [her] previous job." *Andrade v. Secretary of Health & Human Servs.*, 985 F.2d 1045, 1052 (10th Cir. 1993)(citing S.S.R. 82-61, 1982 WL 31387). Plaintiff testified she worked as an office manager/salesperson at a jewelry store. She contends she cannot return to a job as office manager because she can no longer do the frequent bending required by the sales duties she also formerly performed. Additional duties do not change the ALJ's line of inquiry, however, unless plaintiff can show that she was in a different line of work than the

3

ALJ addressed. See id. There is substantial evidence to support the ALJ's conclusion that plaintiff possessed the skills of an office manager, even if she also did sales work. E.g., Appellant's App. at 405. The ALJ therefore did not err in asking the VE if plaintiff could return to the work of an office manager.

In determining whether a claimant can return to a past line of work, an ALJ must include in his hypothetical questions to the VE only those impairments he accepts as true. See Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). The medical evidence shows that plaintiff was restricted by her doctors from repeated or frequent bending, stooping, or lifting, and prolonged sitting or standing. Appellant's App. at 291, 295, 517. When the ALJ posed hypothetical questions incorporating restrictions against frequent bending and lifting and a need to alternate thirty minutes of sitting with forty-five minutes of standing, the VE testified that plaintiff could still perform a job as an office manager. Id. at 124-25. The ALJ properly rejected plaintiff's claims of more severe restrictions and disabling pain as inconsistent with the evidence as a whole and not credible. See Hargis v. Sullivan, 945 F.2d 1482, 1489 (10th Cir. 1991). The ALJ also properly rejected an indication by Dr. Pence that plaintiff had a severe limitation of functional capacity and was incapable of even sedentary work, Appellant's App at 533, as inconsistent with the rest of his evidence indicating that she is not disabled, id. at 263, 281, 295, 533, 535. Finally, nothing mandates that a sit/stand option is not available in sedentary jobs. Rather, Social Security Ruling 83-12 directs the ALJ to

obtain vocational testimony on this point, <u>see</u> S.S.R. 83-12, 1983 WL 31253, at *4, and that

is precisely what the ALJ did.

The ALJ properly concluded that plaintiff can return to the work of an office manager

and she is therefore not disabled.  The judgment of the United States District Court for the

District of Kansas is AFFIRMED.


Entered for the Court


John C. Porfilio
Circuit Judge