UNITED STATES COURT OF APPEALS

**Filed 10/28/96**

FOR THE TENTH CIRCUIT

CAROLYN CALDRON,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No. 96-5078
(D.C. No. 95-C-217-J)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,[***] District Judge.

_____

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Carolyn Caldron appeals from an order of the district court[1] affirming the Secretary's determination that she is not entitled to disability benefits. We affirm.

"We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994)(citations and quotation omitted).

_____

[***] Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

[1] The parties agreed to have this case heard pursuant to 28 U.S.C. § 636(c). Therefore, the appeal is properly taken from the magistrate judge's order. We refer to this order as being issued by the district court.

Ms. Caldron initially claimed disability due to a herniated disc with radiculopathy, arthritis, bronchitis, and plantar fascitis. At the hearing, she stated that she had voluntarily entered a Methadone treatment center because she was worried she was addicted to her prescription pain medication. The fact that she had been evaluated by a mental health specialist was also raised at the hearing. Ms. Caldron had not claimed any disabling addiction or mental impairment prior to the hearing.

The administrative law judge (ALJ) determined at step five of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), that Ms. Caldron could perform sedentary work. Ms. Caldron asserts that this determination is in error because the ALJ did not properly evaluate either her pain or her mental impairment. She also argues the ALJ ignored the treating physician rule and the standards for sedentary work. Finally, she asserts the ALJ did not tell the vocational expert (VE) all of her unrebutted medical impairments and ignored the VE's opinion that she could not work.

Ms. Caldron argues the ALJ improperly evaluated her complaints of disabling pain. She does not appear to argue that the ALJ failed to follow the analysis set forth in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987) for evaluating pain, but rather argues because (1) she is in a Methadone program for treatment of

a drug addiction, (2) the Methadone relieves her pain in part, and (3) she receives a very high dosage of Methadone, she has proved her pain is disabling.

The record shows that Ms. Caldron entered the Methadone treatment program voluntarily because she was worried she was taking too much of her prescription pain medication and, having read about the possibility of addiction from prescription medications, she decided to seek treatment. The record does not support, and Ms. Caldron does not allege, that any addiction she may suffer is disabling. Instead, Ms. Caldron contends that her belief that she was addicted to prescription drugs proves that her pain is disabling. Ms. Caldron points to no evidence in the record that supports her assertion. In fact, it is generally accepted that persons may become addicted to prescription drugs regardless of the level of pain experienced. Nothing in the record supports Ms. Caldron's assertion that she is receiving high doses of Methadone or that, if so, the reason for the high dosage is her extreme pain.

The record supports the ALJ's determination of Ms. Caldron's credibility as to the severity of her pain. "[A] claimant's subjective complaint of pain is by itself insufficient to establish disability." Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990)(quotation omitted). Several physicians have noted that objective medical evidence does not support Ms. Caldron's claims of disabling pain. See R. Vol. I at 176 (Dr. Fielding noted in 1992 that she did not appear to be in acute

distress and stood and walked with a relatively normal gait); 237 (Dr. Hendricks noted that the physical examination did not suggest objective injury as severe as the complaints); 247 (Dr. Dandridge noted that his examination failed to disclose objective findings to substantiate the subjective complaints); 277 (Dr. Fielding noted in 1994 that while she acted as if experiencing pain, her back was "unremarkable to inspection").

Further, a claimant's inability to work pain-free is not sufficient reason to support a finding of disability. Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir. 1988). While Ms. Caldron undoubtedly does experience pain and may have a low pain threshold, the ALJ's conclusion that her pain is not disabling is supported by the record.

Ms. Caldron also asserts the ALJ improperly evaluated her mental impairment. Ms. Caldron has not received any psychiatric treatment. She did have one evaluation. The MMPI showed some results consistent with those found among individuals with classic conversion symptoms. No diagnosis was made that she suffers from conversion syndrome or that her conversion symptoms impacted her ability to work. In fact, the report concluded that individuals with conversion symptoms "are likely to continue functioning but at a reduced level of efficiency." R. Vol. I at 283. The determination that Ms. Caldron showed some

moderate elevations on the anxiety scale also does not indicate disability due to anxiety.

Ms. Caldron argues the ALJ ignored the treating physician rule because her treating physician stated that she was disabled and the ALJ rejected that opinion without setting forth specific reasons. Ms. Caldron's treating physician, Dr. Black, did state that Ms. Caldron would be disabled until she had corrective surgery on her back. Id. at 178. More specifically, however, he stated both that she was "at least temporarily, disabled from the type of work she does," id. at 180, and was limited in her ability to work, id. at 232. He restricted her to ten pounds of lifting, pulling, or pushing. Id. at 182, 185, 232. Dr. Black's one statement that she is disabled is clarified by his other statements, made before and after the date of that statement.

Dr. Black recommended corrective surgery which Ms. Caldron has not had. The only reason contained in the record for not having surgery is Ms. Caldron's statement to Dr. Black indicating she could not have surgery until litigation connected with her worker's compensation claim had been completed. Id. at 180. A claimant's failure to follow a prescribed course of treatment which could restore the ability to work is grounds to deny benefits. 20 C.F.R. § 404.1530(b); Pacheco v. Sullivan, 931 F.2d 695, 697-98 (10th Cir. 1991).

Ms. Caldron also asserts the ALJ ignored the standards for sedentary work because he did not establish that she could sit for prolonged periods of time. The ruling addressing sedentary work states that a claimant must be able to sit for about six hours of an eight hour workday. Soc. Sec. Rul. 96-9p, 1996 WL 374185, at *3 (Jul. 2, 1996). A claimant who must alternate sitting with standing and/or walking may still be able to perform sedentary work. Id. at *6. Here, the VE opined that Ms. Caldron could work with the alternating sitting, standing, and walking restrictions found by the ALJ.

Ms. Caldron asserts the ALJ did not tell the VE of all her unrebutted medical impairments in formulating the hypothetical question because he did not mention her drug addiction, conversion disorder, and anxiety. In determining whether a claimant can return to a past line of work, the ALJ must include in his hypothetical to the VE only those impairments he accepts as true. See Talley, 908 F.2d at 588. We have already affirmed the ALJ's determination that the record does not show that Ms. Caldron's possible drug addiction, conversion symptoms, and anxiety had any significant impact on her ability to work.

Finally, Ms. Caldron argues that the ALJ ignored the VE's opinion that she could not work. The VE proffered this opinion upon being asked if Ms. Caldron would be able to work if her testimony were accepted as fully credible and were

substantially verified by the medical evidence.  Clearly, the ALJ did not find all of Ms. Caldron's testimony credible.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

<div style="margin-left: 50%">

Entered for the Court


John W. Lungstrum
District Judge

</div>