**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 19 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CHARLOTTE J. MURPHY,

       Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Director, Social Security
Administration,[*]

       Defendant-Appellee.

No. 96-7114
(D.C. No. CV-95-313)
(E.D. Okla.)

ORDER AND JUDGMENT[**]

Before ANDERSON, LOGAN, and EBEL, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), John J. Callahan, Acting Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in this caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Charlotte J. Murphy appeals the district court's order affirming the final decision of the Secretary of Health and Human Services denying her application for supplemental security income benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

At the time of her administrative hearing, claimant was forty-nine years old, and had a high school education. Claimant asserted that she had been unable to perform her past relevant work as a teacher's aide and janitor since 1982, and had been disabled since 1992, due to heart problems, diabetes, swelling in her arms and legs, arthritis, and dizziness. Following a hearing, the administrative law judge (ALJ) denied benefits at step five of the five-part sequential process for determining disability. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing the five steps in detail).

In denying her application, the ALJ found that although claimant could not return to her past work, she did have the residual functional capacity to do other jobs available in the national economy. The ALJ found that claimant could perform a full range of light and sedentary work, provided the light work did not

-2-

exceed the demands that she lift only ten pounds frequently and twenty pounds occasionally, sit for six hours in an eight-hour day, and stand and walk for six hours in an eight-hour day. Relying on the testimony of a vocational expert that there were jobs available claimant could perform, the ALJ found claimant not disabled. The Appeals Council denied review, rendering the ALJ's decision final. The district court affirmed the ALJ's decision, and claimant appeals.

On appeal, claimant argues that (1) the record does not contain substantial evidence to support the ALJ's finding that she could perform the standing and walking requirements necessary for the light work identified;[1] (2) the ALJ's credibility determination was not linked to substantial evidence, and (3) the vocational expert's testimony that, if claimant could only stand for thirty minutes at a time she would be unable to perform all light work activities, precluded the ALJ's reliance on the expert's opinion as substantial evidence.

---

[1] The requirements for light work are set forth in 20 C.F.R. § 404.1567(b) (1996):

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is adequate relevant evidence that a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389 (1971). We do not, however, reweigh the evidence or substitute our judgment for that of the Secretary. See Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir. 1991).

The medical evidence in the record indicates that in response to repeated complaints of chest pain, claimant underwent coronary angioplasty in late 1992. The procedure was termed a success, and claimant was released with instructions to avoid strenuous activity for one week. See R. Vol. II at 157, 170. A treadmill test, given claimant in January 1993, "demonstrated evidence of significant decrease of exercise capacity because of deconditioning." Id. at 182, 186-87. At the time of this test, Dr. Mario A. Bonilla, claimant's cardiologist, noted that claimant "continues to smoke and is not exercising at all." Id. at 184. He advised claimant to "start ambulating." Id. at 182.

Following a consultative examination of claimant, Dr. M. Young Stokes, III, reported that claimant had a twenty-five year history of diet and hypoglycemic agent controlled diabetes, and that her single vessel angioplasty in 1992 was a

complete success.  See id. at 186.  Claimant reported to Dr. Stokes that she suffered chest pain brought about by "exercise or any type of excitement or pressure."  Id. at 190.  He noted that claimant smoked one package of cigarettes per day and was "not on any type of exercise, diet, or regime and it is questionable as to whether she takes her medications properly."  Id. at 187.  Dr. Stokes diagnosed claimant as suffering from non-insulin dependent diabetes, hypertension, coronary artery disease with status post angioplasty to the right artery (no evidence of ischemia), vitiligo, minimal osteoarthritis, obesity, and cigarette abuse.  See id. at 190.  He concluded that, based on his diagnoses, claimant's ability to work was unimpaired as to sitting, handling objects, hearing, and speaking, and only partially impaired as to standing, moving about, lifting, carrying, and traveling.  See id.

In February 1994, apparently at the request of the Secretary, Dr. Bonilla completed a questionnaire evaluating claimant's heart disorder.  He diagnosed claimant as suffering arteriosclerosis hypertensive cardiovascular disease.  He noted no evidence of congestive heart failure, aneurysm, or chronic venous insufficiency.  He noted that claimant had infrequent angina with mild exertion, resulting in mild pain, effectively treated by nitroglycerine.  He reported no evidence of ischemia.  See id. at 198-212.

Dr. Bonilla did not answer the questions directed toward the consequences of claimant's cardiac disorder, except to state that claimant had no additional impairments which would tend to aggravate her condition or create additional limitations on her functioning.  See id. at 207-08.  In his decision, the ALJ concluded that if Dr. Bonilla felt that restrictions were necessary, he would have noted his recommended limitations in this section.  Claimant asserts that this constituted erroneous reliance on the absence of responses to these questions to support the finding that claimant could perform the functions of light work.  See Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir. 1993) ("The absence of evidence is not evidence.").  We do not agree.

First, as indicated by the ALJ's thorough consideration of the objective medical evidence, it is clear that the ALJ's finding was not premised solely on Dr. Bonilla's failure to respond to these questions.  Second, in discussing the absence of restriction notations in Dr. Bonilla's questionnaire, the ALJ was focusing on the fact that Dr. Bonilla did not list any restrictions, not on the fact that there was no evidence of claimant's impairment.  Third, even if Dr. Bonilla's assessment was incomplete, the ALJ exercised his discretionary power and ordered a consultative examination of claimant by Dr. Stokes in order to better understand and determine her capabilities.  See id. (if evidence to make a residual functional capacity finding is absent, ALJ can order consultative exam).  Thus,

the ALJ's determination that claimant could perform the duties of light work, limited only by the noted restrictions, was supported by substantial evidence.

Pursuant to the regulations, a determination that a claimant can perform light work generally means that he or she can also perform sedentary work "unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b). In response to the ALJ's hypothetical questions, the vocational expert identified several sedentary jobs that claimant could perform. In his report and recommendation, the magistrate judge stated that, "assuming, for arguments sake, that the [claimant] could not perform light work as argued by her attorney, there is ample and substantial evidence that she [could] perform the sedentary work and numerous jobs are available in this category as per testimony of VE." R. Vol. I at 11. Claimant did not object to this conclusion by the magistrate judge. See Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996) (issues not raised in objections to magistrate judge's report and recommendation are deemed waived). Therefore, we conclude that claimant's ability to do sedentary work is an unchallenged basis for the ALJ's denial of benefits that serves as an alternative basis for affirmance here, regardless of the merits of her argument regarding her ability to do light work activities. See Murrell v. Shalala, 43 F.3d 1388, 1389-90 & n.2 (10th Cir. 1994).

Next, claimant argues that the ALJ's determination of incredibility as to her testimony regarding her chest pain was not linked to substantial evidence. See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (credibility determinations must be "closely and affirmatively linked to substantial evidence"). The ALJ thoroughly considered claimant's testimony regarding her pain, her description of her daily activities, the objective medical evidence, and her appearance and demeanor at the hearing. He found that, although she experienced some infrequent chest pain, it was adequately controlled by medication, and there was no medical evidence to support her contentions that her pain was as frequent or disabling as she claimed. See Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir. 1988) (holding that claimant need not be pain free in order to engage in work activities).

Neither Dr. Bonilla or Dr. Stokes reported that claimant's pain was constant, severe, or disabling. See Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990) (holding that the medical evidence must be consistent with the claimant's testimony as to the severity of any pain). Moreover, the evidence indicates that any chest pain resulting from the angina was adequately controlled by nitroglycerine. Consequently, in light of the evidence, we defer to the ALJ's determination that claimant's allegations of pain were exaggerated. See James v. Chater, 96 F.3d 1341, 1342 (10th Cir. 1996) (reviewing court gives considerable

deference to the ALJ's judgment on credibility); Kepler, 68 F.3d at 391 (appellate court will not upset credibility determinations when such determinations are supported by substantial evidence)

In a short, undeveloped argument, claimant asserts that "in light of [claimant's] medically determined standing limitations, the testimony of the expert cannot serve as substantial evidence to deny benefits." Appellant's Br. at 20. Claimant appears to base this assertion on her claim that in response to the alleged limitation that she was not able to stand for more than thirty minutes at a time, the vocational expert opined that all jobs suggested in the light category would be eliminated.

We have held that vocational expert opinions based on hypothetical questions which do not include all of a claimant's substantiated impairments cannot be considered substantial evidence to support a decision. See Hargis, 945 F.2d at 1492. Here, however, the ALJ properly rejected claimant's assertion that she could only stand for thirty minutes at a time and consequently, the ALJ was not required to accept the vocational expert's response to a hypothetical including this unsupported limitation. See Talley, 908 F.2d at 588 (the ALJ is not bound by the vocational expert's opinion in response to a hypothetical question which

includes impairments that are not accepted as true by the ALJ); <u>see also</u> <u>Gay v.</u> <u>Sullivan</u>, 986 F.2d 1336, 1341 (10th Cir. 1993) (hypothetical does not need to include impairments which are unestablished and conclusive).

Therefore, the ALJ's conclusion that claimant was not disabled was based on substantial evidence and arrived at by application of correct legal standards. The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge