**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 9 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FANNIE L. POINTER,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-6466
(D.C. No. 97-CV-1189-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals from the district court's order adopting the magistrate judge's report and recommendation upholding the Commissioner's decision to deny plaintiff's application for disability insurance benefits and supplemental security benefits. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291 and affirm.

Plaintiff applied for benefits in August of 1994 alleging disability from November 30, 1993, due to back, leg, and hip pain. The medical evidence reflects generally that although she had reported her complaints to doctors on a number of occasions, most of the objective medical tests have failed to account for her claimed level of pain. The only limitation placed on her activities by a doctor was a twenty-five pound lifting restriction.

The administrative law judge (ALJ) denied benefits at step four of the five-part sequential process used to determine disability. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five-step process). He determined, on consideration of the evidence in the record and testimony introduced at a hearing, that she retained the residual functional capacity to return to her former relevant work as a short order cook.

Plaintiff claims the ALJ ignored her subjective testimony regarding her pain because it was not supported by credible medical evidence. We disagree. The ALJ noted her complaints of pain as part of his consideration of all the

evidence, including extensive medical evidence, and found her allegations of disabling pain to be unsupported by credible medical evidence. Credibility determinations are properly the province of the ALJ, not to be disturbed unless not supported by the evidence. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (10th Cir. 1991). In addition, medical records must be consistent with nonmedical testimony as to the severity of pain. See Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Gaston v. Bowen, 838 F.2d 442, 447 (10th Cir. 1988) ("statements regarding the intensity and persistence of pain must be reasonably consistent with the medical findings and signs"). Here the ALJ considered and discussed substantial medical evidence, which simply does not support plaintiff's claims of disabling pain.

Plaintiff also contends that the ALJ ignored certain evidence and failed to demonstrate what medical records he considered. We disagree. Although the ALJ is required to consider all the evidence, he is not required to discuss every piece of evidence. See Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). The ALJ's decision reflects adequate consideration of the evidence.

For these and the reasons set forth by the magistrate judge in his report and recommendation filed September 9, 1998, we AFFIRM the judgment of the district court upholding the decision of the Commissioner.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge